**Charles SIMS, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary, United States Department of Health and Human Services, Defendant-Appellee.**

**No. 82–2897.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 30, 1983.

Decided Jan. 26, 1984.

Chanon Williams, Chicago, Ill., for plaintiff-appellant.

Daniel Murray, Asst. U.S. Atty., Chicago, Ill., for defendant-appellee.

Before WOOD and POSNER, Circuit Judges, and GORDON, District Judge.*

MYRON L. GORDON, District Judge.

This is an appeal from a dismissal of the appellant's Title VII suit by the district court for the Northern District of Illinois. 547 F.Supp. 752. For the reasons set forth below, we affirm.

The appellant, Charles Sims, is black. Beginning in March, 1975, he was employed by the Department of Health and Human Services (HHS) in its Chicago Financial Management Office. Mr. Sims' problems began in March, 1976, when the HHS, citing inadequate performance, denied Mr. Sims a semi-automatic seniority promotion. The promotion denial soured Mr. Sims' attitude toward both his job and supervisors; this led to incidents which further damaged Mr. Sims' prospects for advancement.

In December, 1976, Mr. Sims complained to an HHS Equal Employment Opportunity (EEO) Counselor that HHS had discriminated against him because of his race. The EEO Counselor attempted to resolve the complaints informally by consulting with all involved parties, until February 9, 1977, when the attempt was abandoned. Mr. Sims then filed a formal complaint, and a full investigation ensued. During the next five years, dispositions were proposed, settlements were suggested, a hearing was held, and an extensive report was filed. In May, 1982, HHS finally rejected Mr. Sims' discrimination complaint.

While his administrative claim was still pending, Mr. Sims filed this multi-claim action, pursuant to 42 U.S.C. § 2000e–16(c); the latter provision of Title VII of the Civil Rights Act of 1964 permits employment discrimination suits to be brought against the federal government. Mr. Sims alleged that HHS had discriminated against him when it (1) failed to promote him in March, 1976, (2) charged him with an unauthorized absence on November 4, 1976, (3) denied him training on three occasions in January, 1977, (4) charged him with an unauthorized absence in January, 1977, and (5) committed five further acts after the EEO Counselor had ended his mediation efforts on February 9, 1977.

Judge Shadur dismissed the action on the ground that the district court was without subject matter jurisdiction because the plaintiff failed to comply with administrative prerequisites. It has been a rule of 42 U.S.C. § 2000e–16 jurisprudence that exhaustion of administrative remedies is a prerequisite for bringing an action in federal court. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *Gaballah v. Johnson,* 629 F.2d 1191 (7th Cir.1980).

The applicable regulation provides that a federal agency may accept a discrimination complaint only if

[t]he complainant brought to the attention of the Equal Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter or, if a personnel action, within 30 calendar days of its effective date;

29 C.F.R. § 1613.214(a)(1)(i)

There is, however, an exception to the 30-day limitation:

The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond 'his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4)

The plaintiff brought his complaints to the EEO Counselor's attention on December 15, 1977. It is apparent that, with respect

---

* The Honorable Myron L. Gordon, District Judge for the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

to the claims based on alleged acts of discrimination occurring in March, 1976, and on November 4, 1976, the plaintiff failed to comply with § 1613.214(a)(1)(i). The claims based on alleged discriminatory acts occurring after February 9, 1977, the last day of the counseling period, could not have been brought to an EEO Counselor's attention and are, therefore, also defective under § 1613.214(a)(1)(i).

The plaintiff's remaining claims were based on alleged acts of discrimination occurring in January, 1977, during the counseling period. The district court ruled that, with respect to these claims too, the plaintiff failed to comply with § 1613.214(a)(1)(i). The court's ruling was based on a factual finding that the plaintiff never made his January claims the subject of his ongoing counseling. A factual determination by the district court is appropriate where necessary to resolve the issue of its own jurisdiction and its finding is entitled to deference from this court. See Rule 52(a), Federal Rules of Civil Procedure; *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). Thus, with respect to each of his claims, the plaintiff failed to comply with § 1613.214(a)(1)(i).

Conceding arguendo that he failed to comply with the 30-day rule, the plaintiff seeks refuge in the exemption provisions of § 1613.214(a)(4). That rule instructs the relevant federal agency to grant exceptions to the 30-day limitation in two instances: (1) when the plaintiff shows that he was unaware of the time limit or that he had good reason for not complying with it, and (2) when the agency decides that other reasons justify an extension. We find § 1613.214(a)(4) inapplicable here. The plaintiff failed to make any showing as is required by the first exceptional circumstance, and HHS never reached a deliberate decision regarding possible grounds for an extension, as is clearly contemplated in the second exceptional circumstance.

Finally, the plaintiff contends that, even if he failed to comply with §§ 1613.214(a)(1)(i) and (4), his claims should not be disqualified. He argues that § 1613.214(a)(1)(i) is not jurisdictional, and that HHS should be estopped from invoking the rule because it processed his claims for five years without raising an objection based on untimeliness.

In asserting that the 30-day limitation of § 1613.214(a)(1)(i) is not jurisdictional, the plaintiff relies on the Supreme Court's recent decision in *Zipes v. TWA, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In *Zipes,* the Court held that the statutory time limit for filing charges under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., is not a jurisdictional prerequisite for a federal court action. Rather, the timeliness requirement is like a statute of limitation and is subject to waiver and equitable estoppel.

While two federal circuit court decisions have applied the holding of *Zipes* to suits brought under 42 U.S.C. § 2000e–16(c), *Milam v. United States Postal Service,* 674 F.2d 860 (11th Cir.1982); *Saltz v. Lehman,* 672 F.2d 207 (D.C.Cir.1982), neither decision considered the significance of the *federal* defendant in relation to the jurisdiction issue. Because *Zipes* involved a private defendant, we do not think that its holding may be extended to the case at bar, where principles of sovereign immunity control.

It is established that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981), quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Waivers of sovereign immunity are to be strictly construed. *Reynolds v. United States,* 643 F.2d 707 (10th Cir.1981); *Sprouse v. Federal Prison Industries, Inc.,* 480 F.2d 1 (5th Cir.1973), cert. denied 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973); *Brown v. General Services Administration,* 507 F.2d 1300 (2d Cir.1974), cert. granted 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476, affirmed 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

Valid administrative rules legislative in nature have "the force and effect of law." *Chrysler Corp. v. Brown,* 441 U.S. 281, 295, 99 S.Ct. 1705, 1714, 60 L.Ed.2d 208 (1979); see *United States v. Nixon,* 418 U.S. 683, 695, 94 S.Ct. 3090, 3101, 41 L.Ed.2d 1039 (1974). In the recent case *Production Tool v. Employment & Training Administration,* 688 F.2d 1161 (7th Cir.1982), this court stated that such rules "are as binding on the courts as any statute enacted by Congress." *Id.* at 1165. In order to be accorded this maximum effect, a rule must (1) affect individual rights and obligations, (2) have been promulgated in compliance with statutory procedures under a delegation of legislative authority, (3) not be arbitrary and capricious, and (4) be reasonably related to the purposes of the enabling legislation. *Production Tool,* 688 F.2d at 1165–66.

The 30-day time limitation of § 1613.-214(a)(1)(i) was promulgated by the Equal Employment Opportunity Commission pursuant to an explicit Congressional delegation of rule-making authority under 42 U.S.C. § 2000e–16(b). The rule affects individual rights. We believe that the rule is reasonably related to the purposes of the enabling legislation and that it is not arbitrary and capricious. Section 1613.-214(a)(1)(i) is, therefore, "as binding on the courts as any statute enacted by Congress." Giving the rule the force and effect of law, we hold that it constitutes one of the terms of the sovereign's consent to be sued and, as such, defines the district court's jurisdiction.

We note that the practical effect of our holding for persons in situations similar to the plaintiff's is not great. Even if the time limitation here were not jurisdictional, the plaintiff would not be entitled to relief because of the long-standing presumption against estopping the federal government from asserting its legal rights. See *Schweiker v. Hanson,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470–1471, 67 L.Ed.2d 685 (1981); *Federal Crop Insurance v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947). As was recently stated in *Portmann v. United States,* 674 F.2d 1155, 1167 (7th Cir.1982), only an act which amounts to "affirmative misconduct" can estop the government from asserting a defense. There has been no showing that the government's conduct in the case at bar was anything more serious than a mere oversight.

With respect to each of his claims, the defendant failed to comply with the requirements of 29 C.F.R. § 1613.214(a)(1)(i). Therefore, the judgment of the district court dismissing the action for lack of subject matter jurisdiction must be affirmed.