**Robert WOLFOLK, Plaintiff-Appellant,**

v.

**Victor M. RIVERA, Defendant-Appellee.**

**No. 82–2517.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 18, 1983.[*]

Decided March 14, 1984.

As Amended April 17, 1984.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Robert Wolfolk, Chicago, Ill., for plaintiff-appellant.

Mary Anne Mason, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before CUDAHY, POSNER, and FLAUM, Circuit Judges.

CUDAHY, Circuit Judge.

Plaintiff-appellant, Robert Wolfolk, brought this action seeking to redress alleged employment discrimination in connection with his employment by, and termination from, the Minority Business Development Agency ("MBDA").[1] Plaintiff's third amended complaint contained four claims: a Title VII claim of discrimination in hiring (plaintiff is black); a Title VII discrimination claim alleging wrongful termination; a claim based upon 42 U.S.C. § 1981; and a claim based upon 42 U.S.C. § 1985. The district court dismissed all but the second claim before trial. The dismissal of the first claim (the only dismissal challenged by plaintiff on appeal) was on the ground that it was time-barred; the district court concluded that plaintiff's claim of discrimination in hiring was not presented to the MBDA's Equal Employment Opportunity counselor within thirty days of the date of the alleged discriminatory act, as required by 29 C.F.R. § 1613.214(a)(1)(i).[2]

---

1. The defendant, Victor Rivera, is the director of the MBDA, which is part of the United States Department of Commerce. In civil actions alleging employment discrimination by a department, agency or unit of the federal government, the appropriate defendant is the head of the department, agency or unit. 42 U.S.C. § 2000e–16(c) (1976). Plaintiff worked for the Chicago office of the MBDA.

2. 29 C.F.R. § 1613.214(a)(1) (1982) provides in part:

(a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if—

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe

After a bench trial, the district court issued its findings of fact and conclusions of law and held that defendant had produced compelling evidence of a legitimate, non-discriminatory reason for plaintiff's termination and that plaintiff had produced no evidence that defendant's articulated reasons for dismissal were merely a pretext for discrimination. The court accordingly entered judgment in favor of defendant. This appeal followed.

## I.

Plaintiff raises three sets of issues on appeal. First, he contends that the district court erred in dismissing his claim of discrimination in hiring. Second, he asserts that the district court erred in making two evidentiary rulings at trial. Finally, he complains about alleged errors made by his court-appointed counsel.

■■■ In reviewing the grant of a motion to dismiss, the well-pleaded factual allegations of the complaint are taken as true, *Reichenberger v. Pritchard*, 660 F.2d 280, 282 (7th Cir.1981), and this court must consider the facts in the light most favorable to the nonmoving party, *i.e.*, the plaintiff in this case, *Henry C. Beck Co. v. Fort Wayne Structural Steel*, 701 F.2d 1221, 1223 (7th Cir.1983). We must resolve every reasonable doubt in favor of the nonmoving party. *Id.*, at 1223–24. The grant of a motion to dismiss will be affirmed only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Plaintiff worked for the MBDA as a Minority Business Program Specialist from September 10, 1979 to August 22, 1980. The announcement of the job opening at issue here stated that the position was available at grades of GS–9, GS–11 or GS–12, depending on the applicant's experience. When Wolfolk was offered the job,

however, he was advised that the position was available only at a grade of GS–9. Plaintiff accepted the job at that level although, at the time he was hired, Wolfolk met the requirements for a grade of GS–12. Plaintiff did not inquire, when he was offered the job, why the position was available only at a GS–9 level.

On August 6, 1980, Wolfolk was informed that his employment with the MBDA was being terminated and that he would soon receive a written letter of termination. The next day, plaintiff contacted an Equal Employment Opportunity ("EEO") counselor. On August 14, 1980, plaintiff received his written notice of termination from the MBDA. That same day, Wolfolk learned for the first time that other employees in the same office performing the same job he did, but whose qualifications were inferior to his, were receiving a GS–11 salary. These other employees were white. Wolfolk also learned for the first time on August 14, 1980, that the Chicago office of the MBDA had falsely reported to its Washington office that plaintiff's grade was GS–11 rather than GS–9.

Wolfolk filed a discrimination complaint on September 3, 1980, with the Office of Civil Rights ("OCR") in the United States Department of Commerce. Plaintiff received both the final decision from OCR denying his claim and a Notification of Right to Sue from the EEOC on or about May 9, 1981. Plaintiff timely filed his initial complaint in district court soon thereafter.

## II.

### A.

Federal law forbids discrimination in all personnel actions affecting federal employees or applicants for federal employment. 42 U.S.C. § 2000e–16(a) (Supp. IV 1980). The EEOC has the authority to enforce the

---

he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date. . . .

Although in this opinion we refer to the 1982 regulations, the 1980 regulations, in effect at the time of the events in question, are identical to the regulations discussed here.

statute and to issue rules and regulations necessary and appropriate to carry out its responsibilities. 42 U.S.C. § 2000e–16(b) (1976). The regulations require complaints to be brought to the attention of the EEO counselor in an agency within thirty days of "the matter causing [complainant] to believe he had been discriminated against" or, if a personnel action, within thirty days of its effective date.[3] Wolfolk's claim of discrimination in hiring is a "personnel action." By the terms of the regulation, he would have had to bring his discrimination charge to the attention of the EEO counselor within thirty days of the effective date of his hiring in order to file a timely claim.

However, the regulations provide for exceptions to the thirty-day limit in certain circumstances. 29 C.F.R. § 1613.214(a)(4) (1982) provides:

> (4) The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.

■ Plaintiff claims that he did not know the facts supporting his claim of discrimination until August 14, 1980, over nine months after he was hired. We hold that plaintiff has alleged facts sufficient to fall within the exception of 29 C.F.R. § 1613.214(a)(4).[4] Wolfolk's lack of knowledge of facts which would support a discrimination claim clearly constitutes "circumstances beyond his control" which prevented him from submitting the matter to his agency's EEO counselor within thirty days of the effective date of his hiring. Plaintiff had no reason to suspect discrimination in hiring until long after the thirty-day limit had passed.

■ Our decision is not based on a subjective test of when plaintiff allegedly learned of facts that would support a discrimination charge. Rather, in interpreting and applying the regulation in question, we adopt the test that has been used in private Title VII actions to determine whether Title VII's time limits should be tolled. A person is "prevented by circumstances beyond his control" from submitting a discrimination charge until the time when "facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir.1975). *See also Nelson v. United States Steel Corp.*, 709 F.2d 675, 677 n. 3 (11th Cir.1983); *Fox v. Eaton Corp.*, 689 F.2d 91, 93 (6th Cir.1982); *Wilkerson v. Siegfried Insurance Agency, Inc.*, 683 F.2d 344, 345 (10th Cir.1982); *Stoller v. Marsh*, 682 F.2d 971, 974 (D.C.Cir.1982), *cert. denied,* — U.S. —, 103 S.Ct. 1427, 75 L.Ed.2d 787 (1983); *Cooper v. Bell*, 628 F.2d 1208, 1212 (9th Cir.1980). When this point in time has been reached, a person must submit the matter to the agency's EEO counselor within thirty days in order to take advantage of the exception at issue here.

We adopt and apply the *Reeb* standard in this factual context because it strikes an appropriate balance between fairness to the claimant and the importance of beginning the administrative process of investigation and conciliation in a timely manner. *Reeb* is also consistent with our recognition of the remedial purposes of Title VII. *Equal Employment Opportunity Commission v. Liberty Trucking Co.*, 695 F.2d 1038, 1040 (7th Cir.1982). Further, cases involving the issue of tolling of Title VII time limits due to a complainant's lack of knowledge of key facts which would sup-

---

3. 29 C.F.R. § 1613.214(a)(1)(i). *See supra* note 2.

4. We note that our discussion of 29 C.F.R. § 1613.214(a)(4) is limited to consideration of the second exception identified in (a)(4)(i): circumstances beyond the control of the complainant. We express no views on the applicability of the remaining exceptions found in (a)(4).

port a discrimination charge are factually analogous to the instant case.[5]

Case law supports our holding that Wolfolk did not have reason to suspect discrimination until August 14, 1980, and that equitable considerations require application of the exception found in the regulation. An alleged disparity in pay levels between white and black employees is a fact "peculiarly within the knowledge of the employer." *Strong v. Demopolis City Board of Education,* 515 F.Supp. 730, 734 (S.D.Ala. 1981). Employees generally lack knowledge about their co-workers' salaries, *id.,* and employers are often reticent about disclosing this information. In *Strong,* the district court denied a motion to dismiss plaintiff's Title VII claim. The court ruled that equitable tolling of EEOC time limitations was warranted because plaintiff had no knowledge of the salary disparity between male and female sports coaches until a Board of Education meeting approximately two and one-half years after plaintiff was first paid for coaching. We cannot say, on the record before us, that the fact

that white employees were being paid more for doing the same work as a black employee would or should have been apparent to a reasonably prudent person in Wolfolk's situation prior to August 14, 1980.

In the instant case, Wolfolk acted promptly. He filed his discrimination complaint with the appropriate agency within twenty days of the time he first learned that white employees with inferior qualifications were being paid more than he was for doing the same job. The fact that plaintiff began the EEO counseling process before he discovered this fact is immaterial. At that time, he was undoubtedly concerned with his impending termination. The crucial point, for our purposes, is that once plaintiff initially discovered that whites with inferior qualifications were being paid more than he was, he acted promptly in bringing this charge to the attention of the EEO counselor. We hold that the district court erred in dismissing plaintiff's first claim.[6]

Our decision here is consistent with this court's recent decision in *Sims v. Heckler,*

---

5. In *Reeb,* the Fifth Circuit vacated a district court dismissal of a Title VII case against a private employer. Plaintiff was told that her contract with her employer was not renewed because of a lack of money. Nearly seven months after her termination, plaintiff learned for the first time that her ex-employer had filled her old position with an allegedly less qualified male six weeks after her termination. Plaintiff filed a sex discrimination charge with the EEOC within a week after discovering this information. The Court of Appeals held that the then-existing ninety-day limitation period was tolled until plaintiff learned that she had been replaced by an allegedly less qualified male.

See also *Tucker v. United Parcel Service,* 657 F.2d 724 (5th Cir.1981) (the "apparency" standard of *Reeb* was satisfied as of date black employees learned that white seasonal employees were being recalled and blacks were not; "prudent person" requirement of *Reeb* was not triggered merely by notification to black seasonal employees that they were not going to be recalled); *Quintana v. Bergland,* 23 FEP Cases 1489 (D.N.M.1980) (thirty-day time limit began to run on date female plaintiff first learned that male whom she considered less well-qualified was hired for a federal government position, not on the date she was told she failed to qualify for position); *Snead v. Harris,* 22 FEP Cases 1434 (D.D.C.1980) (federal employee held to

have exhausted administrative remedies in a timely manner when she did not suspect discrimination until five months after she learned she would not be promoted; plaintiff initiated EEO counseling within thirty days of conversation that alerted her to possibility of discrimination); *Myles v. Schlesinger,* 436 F.Supp. 8 (E.D. Pa.1976) (one plaintiff excused from complying with thirty-day rule when she did not realize she had been discriminated against until she had a conversation with a co-worker and filed her complaint within ten days of that discussion); *Ellis v. Naval Rework Facility,* 404 F.Supp. 377 (N.D.Cal.1975) (plaintiff's discrimination complaint timely filed when filed within a few days of conversation in which plaintiff learned, for the first time, of an impropriety in decision-making process by which plaintiff was denied a job position many months before).

6. We have decided only that plaintiff's first claim will survive a motion to dismiss. We do not intend to imply any opinion on the merits of plaintiff's claim nor do we preclude the possibility that additional fact-finding on the timeliness issue will disclose that plaintiff knew or should have known prior to August 14, 1980, facts that would support a charge of discrimination in hiring. At this stage, however, it is clear that plaintiff is entitled to an opportunity to prove his claim.

725 F.2d 1143 (7th Cir.1984). In *Sims*, we held that the plaintiff failed to show that the exceptions in § 1613.214(a)(4) applied to him. We went on to hold, on the basis of principles of sovereign immunity, that the thirty-day limitation of § 1613.214(a)(1)(i) was jurisdictional and affirmed a district court order dismissing plaintiff's complaint for lack of subject matter jurisdiction. Unlike *Sims*, the plaintiff here has shown that he fits within § 1613.214(a)(4). Hence, the jurisdictional bar of § 1613.214(a)(1)(i) does not come into play.

Although our use of private Title VII cases involving tolling to clarify the meaning and application of the exception at issue here may make the holding of *Sims* of somewhat limited practical significance, this is only because the government has decided to create an exception to the thirty-day limit that is similar in scope to the tolling principles applicable in private Title VII actions. The standard we have adopted is entirely consistent with the broad language and apparent liberality of the exception. To the extent that this standard permits plaintiffs like Wolfolk to proceed with their actions despite having missed the thirty-day limit, we conclude that this was the intent of the regulation in allowing an extension of the time limit for a person "prevented by circumstances beyond his control from submitting the matter within the time limits." Finally, we note that our holding today does not eradicate the differences between private and federal employees who claim to be victims of employment discrimination and who do not file timely charges. Although the practical effect of this decision may be to eliminate those differences for employees who lack knowledge, until a later date, of facts that would support a discrimination charge, other employees missing filing deadlines will continue to be affected by their employer's identity because federal employees failing to contact their agency's EEO counselor in a timely manner are limited to the exceptions found in the regulation while private employees may have a wider range of potential equitable exceptions at their disposal under *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

### B.

■ Plaintiff challenges two evidentiary rulings made by the district court during the trial. First, plaintiff contends that the court erred in admitting into evidence performance evaluations which criticized Wolfolk's writing abilities and were prepared while Wolfolk was employed in the Office of Audits in the Department of Commerce.[7] One of the reasons stated for plaintiff's termination in the written notice from the MBDA was plaintiff's allegedly poor written communications skills. Because plaintiff asserted that defendant's reliance on this factor was merely a pretext for discrimination, the performance evaluations were relevant to defendant's position that MBDA had a valid, nondiscriminatory reason for terminating plaintiff's employment. This evidence also was admissible to impeach plaintiff's testimony regarding his performance in the Office of Audits.

■ Plaintiff's second evidentiary argument is also without merit. The district court correctly refused to admit into evidence a portion of the Federal Personnel Manual setting forth the manner in which a probationary employee is to be notified that he or she will be terminated. Plaintiff did not allege any procedural irregularities in connection with his termination in any of his complaints. This evidence, therefore, was not relevant to the issues before the district court.

### C.

■ Finally, plaintiff claims that reversal is warranted because of several errors allegedly made by his court-appointed counsel. This argument is without merit. The Sixth Amendment's guarantee of effective assistance of counsel does not apply in civil cases. "There is no constitutional or statutory right for an indigent to have

---

7. Wolfolk worked for the Office of Audits immediately prior to being hired by the MBDA.

counsel appointed in a civil case. It of course follows there is no constitutional or statutory right to effective assistance of counsel in a civil case." *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir.1980) (citation omitted). *See also Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522–23 (11th Cir.1983), and cases cited therein.

### III.

For the foregoing reasons, we reverse the dismissal of plaintiff's first claim and affirm on the remaining issues. The case is remanded to the district court for further proceedings consistent with this opinion.