**Jesus MALAVE**

v.

**William BOLGER.**

**Civ. No. H–81–782.**

United States District Court,
D. Connecticut.

Dec. 7, 1984.

Jonathan L. Gould, Kestell, Pogue & Deinhardt, Hartford, Conn., Verna Sanchez, Kenneth Kimerling, Puerto Rican Legal Defense and Education Fund, New York City, for plaintiff.

Frank Santoro, Asst. U.S. Atty., New Haven, Conn., Howard J. Kaufman, R. Andrew German, United States Postal Service, Washington, D.C., for defendant.

## RULING ON MOTION TO AMEND COMPLAINT

BLUMENFELD, Senior District Judge.

This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, in which the plaintiff employee alleges a continuing pattern of national origin discrimination and retaliation on the part of the defendant federal employer, William F. Bolger, Postmaster of the United States Postal Service. The plaintiff has moved for leave to file a Seventh Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, in which the plaintiff adds allegations of one more instance in which the defendant has engaged in discriminatory and retaliatory conduct by denying the plaintiff a promotion. The defendant opposes the motion. Oral argument was held before this court on November 19, 1984.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading by leave of court ... and leave shall be freely given when justice so requires." While the defendant recognizes that leave to amend is generally liberally granted and is in the discretion of the court, he argues that in this case the plaintiff's motion to amend "must be denied" because it is legally insufficient. The basis for the defendant's argument is that the plaintiff's motion to amend fails to allege that the plaintiff exhausted all of his administrative remedies concerning his claims of discrimination with respect to the July 1982 non-promotion newly pled in this latest amended complaint. Arguing that exhaustion of administrative remedies is a prerequisite to judicial cognizance over claims that plaintiff's non-selection for the promotion was discriminatory, the defendant suggests that the ruling on this motion is not within the discretion of this court, but rather that an outcome favorable to the defendant is mandated by law.

The defendant, however, is mistaken. The newly amended portion of the plaintiff's amended complaint simply adds facts which allege another instance of defendant's discriminatory and retaliatory conduct against a background of many previous related allegations. Under the law of the Second Circuit, a Title VII claimant need not file additional claims with the federal administrative agency when those claims, arising subsequent to the initial filing, are reasonably related to the allegations of an initial claim that was properly filed. *Goodman v. Heublein, Inc.*, 645 F.2d 127, 131 (2d Cir.1981). Similarly, a plaintiff is not required to exhaust remedies for an additional charge of retaliation where he has already filed a discrimination claim. *Id.*

The defendant would have this court reject the holding of *Goodman v. Heublein, Inc.* as not applying to this case on the ground that that case involved a claim against a private sector employer and this case involves the United States as the employer. He argues that sovereign immunity principles require that for every claim against the United States, including one of retaliatory discrimination, one must exhaust all administrative remedies as a precondition to suit. The basis for the defendant's argument is the holding in a Seventh Circuit case, *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), which in turn depended upon a construction of the Supreme Court's

opinion in *Zipes v. TWA, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In *Zipes*, the Supreme Court held that the statutory time limit for filing charges under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, is not a jurisdictional prerequisite for a federal court action. Rather, the Court held, the timeliness requirement is like a statute of limitation and is subject to waiver and equitable estoppel. The Seventh Circuit in *Sims* interpreted *Zipes* as not extending to a case involving a federal defendant because it involved a private defendant where principles of sovereign immunity would not apply.

Two other federal circuit court decisions, however, have applied the holding of *Zipes* to suits brought under Title VII against federal defendants. *See Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir.1982) and *Saltz v. Lehman*, 672 F.2d 207 (D.C.Cir.1982). Prior to the *Zipes* decision, the Ninth Circuit also held that the 30-day filing requirement of 5 C.F.R. § 713.214(a)(1) was not a jurisdictional prerequisite to federal court action. *Cooper v. Bell*, 628 F.2d 1208, 1212–14 (9th Cir.1980). While none of these cases considered the significance of the sovereign immunity with which a federal employer is clothed, in a more recent employment discrimination case against the United States Postal Service, which did consider the sovereign immunity issue, the United States District Court for the Southern District of Ohio held, in light of those cases and contrary to *Sims v. Heckler*, that the 30-day limit of 29 C.F.R. § 1613.314(a)(1)(i) is not jurisdictional. *Curry v. United States Postal Service*, 583 F.Supp. 334 (S.D.Ohio 1981). Furthermore, in a recent ruling by Judge Clarie of this court, *Sims v. Heckler*, was rejected and the Eleventh and District of Columbia Circuits were followed. *Dimaggio v. United States Postal Service*, Civil No. H–83–455, Ruling on Federal Defendants' Motion for Partial Dismissal, or, in the Alternative For Partial Summary Judgment (filed March 28, 1984). This court will not depart from Judge Clarie's ruling. With three other circuits disagreeing with the Seventh Circuit on this jurisdictional question, as well as a district court out of yet another circuit which squarely faced the issue raised here, the weight of authority lies heavily against the proposition that the holding in *Zipes v. TWA, Inc.* applies only to private employers and not federal employers. Since the Second Circuit has not directly addressed the issue presented here, the holding of *Goodman v. Heublein, Inc.* is still the controlling law, and this court is not convinced that the authority of *Sims v. Heckler* is sufficient to carve out an exception to the *Goodman* holding.

Furthermore, the holding of the *Sims* case is clearly distinguishable on its facts from this case. The key fact in *Sims* was that the plaintiff had failed to file a timely complaint on his underlying action, as well as on his retaliation claim. Therefore, if the court had allowed the retaliation claim, despite plaintiff's failure to exhaust administrative remedies, this claim would have been the only cause of action before the court. Under these circumstances, the court held that to allow the retaliation claim to stand in the absence of any other timely complaint would violate sovereign immunity principles requiring courts to strictly construe the administrative exhaustion provision of Title VII for cases involving government defendants.

Since in the instant case the plaintiff has filed a number of timely causes of action establishing a pattern of discriminatory and retaliatory conduct and hence has given the defendant ample notice of the legal issues arising out of the additional incident described in the amendment, the facts here are clearly distinguishable from *Sims*. By filing his initial administrative complaints, as well as the court complaints previous to the seventh amended complaint, the plaintiff here, unlike Sims, sufficiently complied with the exhaustion requirements of Title VII so as to obviate the need for further exhaustion of administrative remedies over one additional incident of retaliatory conduct. Accordingly, this court rejects the defendant's argument that the plaintiff's motion to amend must be denied as legally insufficient and this court will proceed under the usual legal standard of Rule 15(a) of the Federal Rules of Civil Procedure,

that whether to grant leave to amend is within the discretion of the court.

The main factors a court must consider when deciding a motion to amend under Rule 15 are whether the amendment will prejudice the opposing party, and whether that party has previously been given notice of the substance of the amendment. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Since it is the opinion of this court that allowing the plaintiff to amend his complaint will not prejudice the defendant, and that the amendment merely adds allegations of one more instance of defendant's discriminatory conduct against a background of many other similar allegations, the motion to amend the complaint is granted.

This court is cognizant of the fact that there is a motion for summary judgment pending in this case. However, any additional discovery in this case or supplementary efforts required on that motion, which arise out of this latest amendment to the complaint, should not be unduly burdensome.

SO ORDERED.