James R. HARRIS, Plaintiff–Appellant,

v.

William E. BROCK, Secretary of Labor, United States Department of Labor, and United States of America, Defendants–Appellees.

No. 86–2651.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1987.

Decided Dec. 11, 1987.

Arthur R. Ehrlich, Goldman & Marcus, Chicago, Ill., for plaintiff-appellant.

William T. Clabault, Asst. U.S. Atty., Dept. of Justice, Chicago, Ill., Anton Valukas, U.S. Atty., for defendants-appellees.

Before WOOD, POSNER and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff, James Harris, brought this discrimination suit against a federal employer under Title VII. The district court dismissed the suit because Harris failed to file the action with the district court within the statutory time limits, thereby depriving the court of subject matter jurisdiction. We affirm.

## I. FACTUAL BACKGROUND

James Harris is an employee of the Veterans Employment and Training Service (VETS), an agency of the United States Department of Labor. In 1982 and 1983, Harris requested VETS to transfer him from his station in Chicago to Waukegan, Illinois, a location closer to his residence. Because Harris's wife had recently undergone cancer surgery, Harris wished to be closer to his home. VETS did not maintain an office in Waukegan, however, and Harris's supervisor denied his transfer request. Alleging that his transfer was denied in retaliation for a previous Equal Employment Opportunity Commission (EEOC) complaint,[1] Harris filed a formal complaint of discrimination on August 8, 1983, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1982).

On May 7, 1985, Harris received a letter informing him that the EEOC examiner had reached a final decision denying his complaint of discrimination based on reprisal. The letter advised Harris of his right to file a civil action with the United States District Court within thirty days.

Harris initially filed a complaint with the United States District Court for the Northern District of Illinois on June 4, 1985. Harris, however, did not properly serve the defendants. Harris merely mailed a copy of the summons and complaint to the local office of the Department of Labor. Rule 4 of the Federal Rules of Civil Procedure[2]

---

1. In 1981, Harris had filed a discrimination action against VETS under Title VII. Harris had not been selected for the position of Supervisor of Veterans Employment for the State of Illinois. Harris claimed that the person chosen for the position was selected solely because he was black. In 1982, the case was dismissed pursuant to a stipulation of settlement. Appellees' Brief at 2–3.

2. Federal Rule of Civil Procedure 4 provides, in pertinent part:

   (d) Summons and Complaint: Person to be Served.... Service shall be made as follows:

   ....

   (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in

requires a party suing a federal agency to serve the United States Attorney for that district. In addition, Rule 4 also requires a plaintiff to send both the Attorney General and the defendant agency copies of the summons and complaint by registered mail. Thus, since Harris did not use certified or registered mail to serve the Department of Labor, and completely failed to serve the U.S. Attorney or Attorney General, service of process was ineffective.

The defendants subsequently moved to dismiss the case pursuant to Rule 4(j).[3] Harris did not contest the motion.[4] Instead, Harris obtained the defendants' consent to file an Agreed Motion for Voluntary Dismissal. The United States agreed to a voluntary dismissal of the case. Harris also informed the United States of his intention to refile the action following the dismissal; the federal government, however, did not consent to Harris's intention to refile.[5]

The district court granted Harris's motion for voluntary dismissal on December 5, 1985. The motion stated: "Plaintiff requests that this Court grant his Motion to take a voluntary dismissal without prejudice, and that leave be granted to refile this action." The next day, December 6, 1985, Harris filed the present action, 213 days after receiving the Secretary's final decision.

The defendants moved to dismiss the complaint because it was not filed within thirty days of receipt of the Secretary of Labor's final decision,[6] depriving the court of subject matter jurisdiction. The district court granted the defendants' motion to dismiss, 642 F.Supp. 1134.

## II.  ANALYSIS

In *Wolfolk v. Rivera*, 729 F.2d 1114 (7th Cir.1984), this court set forth the appropri-

---

which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

(5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

3. The Federal Rules of Civil Procedure mandate:

(j) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. Fed.R.Civ.P. 4(j).

4. Harris claimed that he did not contest the motion because of the time and effort involved. Harris explained that he "deemed it more efficient and less costly for the Court and for the

parties to move for a Voluntary Dismissal under F.R.C.P. 41, and then refile the Complaint." Appellant's Opening Brief at 15.

5. In fact, at oral argument the Assistant U.S. Attorney stated that he told Harris that if Harris refiled the action, he would be faced with a motion. Thus, this is not a case where defendants' counsel may have waived an objection to the voluntary dismissal. *See Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637, 641 n. 4 (7th Cir.1987) (district court's conclusory finding that defendant's counsel did not waive the two dismissal rule was clearly erroneous where "counsel for the appellee was quite aware of the appellants' course of action and the reasons for it and *represented to the bankruptcy court that he would not object*") (emphasis added).

6. The provision governing Title VII actions brought against the federal government states:

(c) ... Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, ... an employee ..., if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

ate standard for reviewing a district court's grant of a motion to dismiss.

In reviewing the grant of a motion to dismiss, the well-pleaded factual allegations of the complaint are taken as true, *Reichenberger v. Pritchard,* 660 F.2d 280, 282 (7th Cir.1981), and this court must consider the facts in the light most favorable to the nonmoving party, *i.e.,* the plaintiff in this case, *Henry C. Beck Co. v. Fort Wayne Structural Steel,* 701 F.2d 1221, 1223 (7th Cir.1983). We must resolve every reasonable doubt in favor of the nonmoving party. *Id.,* at 1223–24. The grant of a motion to dismiss will be affirmed only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

*Wolfolk,* 729 F.2d at 1116.

Even in considering the facts in the light most favorable to Harris, it is undisputed that Harris filed his complaint well after the thirty-day limitation had expired. Harris argues, however, that we should apply the principle of equitable tolling to prevent the time bar of his complaint.

In *Sims v. Heckler,* 725 F.2d 1143 (7th Cir.1984), this court held that the time limits for filing employment discrimination claims against the federal government are jurisdictional. Harris insists that the present case is factually distinguishable from *Sims.* In *Sims,* the plaintiff failed to file his initial complaint with an EEOC counselor within the jurisdictional time limit. Here, Harris's initial complaint was timely. Harris, however, did not meet the time limit for filing his action in federal

district court, following final action by the EEOC. Nevertheless, this court has held that the thirty-day period for filing an action in district court against federal employers is also jurisdictional. *Gaballah v. Johnson,* 629 F.2d 1191, 1198 (7th Cir. 1980).[7] Thus, *Sims* and *Gaballah* clearly govern the factual situation presented here.

Harris next argues that if this court cannot distinguish *Sims,* we should overrule the *Sims* decision. We decline to do so.

The *Sims* court recognized that because the United States is generally immune from suit, the terms under which it consents to be sued define a court's jurisdiction to entertain the suit. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *Sims,* 725 F.2d at 1145. Courts must strictly construe any conditions attached to the government's waiver of sovereign immunity. *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983); *Diliberti v. United States,* 817 F.2d 1259, 1262 (7th Cir.1987); *Sims,* 725 F.2d at 1145. The filing periods that apply specifically to Title VII suits brought against federal employers are such conditions. Therefore, these time limits define a district court's subject matter jurisdiction in cases under 42 U.S.C. § 2000e–16. *Sims,* 725 F.2d at 1145–46.

The United States Supreme Court, in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), held that filing a timely complaint of discrimination with the EEOC was not a jurisdictional prerequisite to suit in federal court. *Zipes,* however, involved a suit against a private employer. Therefore, the

---

42 U.S.C. § 2000e–16(c) (1982).

7. Harris argues that *Gaballah* has been effectively overruled. One case relied on in *Gaballah, Eastland v. Tennessee Valley Auth.,* 553 F.2d 364 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977), was overruled by the Fifth Circuit following the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). *See Henderson v. United States Veterans Admin.,* 790 F.2d 436 (5th Cir.1986). Harris also points out that, following *Zipes,* this court held that the time limits for filing Title VII actions in district

court are not jurisdictional and may be equitably tolled. *Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1314 (7th Cir.1984). *See also Johnson v. Bond,* 94 F.R.D. 125, 129 (N.D.Ill.1982).

Harris carefully ignores the fact that *Zipes, Jones,* and *Johnson* all involved suits against private employers. *Gaballah,* on the other hand, involved a Title VII action against a federal employer. The *Sims* decision adopted the reasoning of *Gaballah* and held that, because of sovereign immunity principles, Title VII filing periods are jurisdictional in suits against federal employers.

Court in *Zipes* did not address the issue of sovereign immunity.

Following *Zipes*, several courts have held that the Supreme Court's decision applies equally to actions brought against federal employers. *See Henderson v. United States Veterans Administration*, 790 F.2d 436 (5th Cir.1986); *Hornsby v. United States Postal Service*, 787 F.2d 87 (3d Cir. 1986); *Zografov v. V.A. Medical Center*, 779 F.2d 967 (4th Cir.1985); *Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984); *Ross v. United States Postal Service*, 696 F.2d 720 (9th Cir.1983); *Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir. 1982); *Saltz v. Lehman*, 672 F.2d 207 (D.C. Cir.1982). *See also Royall v. United States Postal Service*, 624 F.Supp. 211 (E.D.N.Y.1985); *Andrews v. Orr*, 614 F.Supp. 689 (S.D.Ohio 1985); *Neves v. Kolaski*, 602 F.Supp. 645 (D.R.I.1985). Although these decisions flatly reject the *Sims* holding, they fail to consider the impact of the doctrine of sovereign immunity when the federal government is the defendant.[8] Therefore, we will not depart from our earlier decision in *Sims*. The filing deadlines under 42 U.S.C. § 2000e–16(c) are jurisdictional and consequently are not subject to waiver, estoppel or equitable tolling.

Further, even if we were to overrule *Sims*, this would not be a proper case in which to apply equitable tolling. As this court explained in *Jones v. Madison Service Corp.*:

[E]quitable tolling is to be restricted and reserved only for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time. *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978). *See also Wolfolk v. Rivera*, 729 F.2d 1114 (7th Cir.1984).

*Jones*, 744 F.2d 1309, 1314 (7th Cir.1984). Harris has not alleged a good faith error which necessitated filing his complaint late. In fact, Harris did file within the thirty-day period originally, but failed to properly serve his opponents. Harris has not presented any explanation of his failure to meet the service of process requirements, or any other good faith error that may have caused his delayed filing. Even viewing the facts in the light most favorable to Harris, there would be no basis on which to grant Harris an extension of the filing deadline. Thus, Harris would be ineligible for equitable tolling even if this case involved a private defendant.[9]

8. Most of the cases rejecting *Sims* simply relied on *Zipes* or similar precedent. In one case, however, an Ohio district court did address the sovereign immunity issue. In *Curry v. United States Postal Serv.*, 583 F.Supp. 334, 342 (S.D. Ohio 1984), the court decided that because the thirty-day filing rule was subject to waiver, it could not be a jurisdictional requirement. Only two limited exceptions are sufficient to extend the thirty-day deadline: (1) when the plaintiff shows that he was unaware of the thirty-day rule or had good reason for not complying with it; or (2) when the agency concludes that other reasons justify noncompliance. 29 C.F.R. § 1613.214(a)(4) (1987). The fact that the regulations provide for extensions in two specific circumstances merely reinforces that these are additional conditions to the United States's waiver of sovereign immunity. *See Wolfolk v. Rivera*, 729 F.2d 1114, 1119 (7th Cir.1984) ("federal employees ... are limited to the exceptions found in the regulation while private employees may have a wider range of potential equitable exceptions at their disposal under *Zipes*"). Thus, the equitable doctrines of estoppel, waiver, and equitable tolling should not apply.

9. Harris claims that because the defendant was timely notified of the pending Title VII action, and suffered no prejudice due to the delay, this is a proper case for equitable tolling. *Jones*, however, supplies the proper standard for equitable tolling: a good faith error by the claimant. The cases Harris cites as support are not analogous to his situation. *See, e.g., Brown v. J.I. Case Co.*, 756 F.2d 48 (7th Cir.1985) (in cases involving private defendant, general rule is that request for appointed counsel combined with presentation of Notice of Right-to-Sue tolls the running of the filing period); *Gutierrez v. Vergari*, 499 F.Supp. 1040 (S.D.N.Y.1980) (unique facts of case—all parties agreed to dismiss one of two pending complaints—required exception to general rule that courts should treat cases voluntarily dismissed as if they had never been brought); *Paskuly v. Marshall Field & Co.*, 494 F.Supp. 687 (N.D.Ill.1980) (plaintiff's class claims related back to the time of the filing of her original complaint because defendant was fairly on notice and suffered no prejudice), *aff'd*, 646 F.2d 1210 (7th Cir.1981), *cert. denied*, 454 U.S. 863, 102 S.Ct. 321, 70 L.Ed.2d 162 (1981).

## III. CONCLUSION

This court's decision in *Sims v. Heckler* directly controls this case. Because Harris did not meet the jurisdictional time limitations for filing actions under 42 U.S.C. § 2000e–16, we will affirm the district court's order dismissing Harris's Title VII action. Harris, in essence, is asking this court for a second chance to comply with the straightforward requirements of the Federal Rules of Civil Procedure for service of process. We see no reason to overrule sound case law simply to afford this plaintiff such an opportunity.

AFFIRMED.