928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
June R. MOSS, Plaintiff-Appellant,
v.
DEFENSE LOGISTICS AGENCY, Defendant-Appellee.
 No. 89-3982.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1991.
 
 On Appeal from the United States District Court for the Southern District of Ohio, No. 88-00506; Mertz (M).
 S.D. Ohio
 AFFIRMED.
 Before DAVID A. NELSON, Circuit Judges, WELLFORD*, Senior Circuit Judge, and MEREDITH**, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, June R. Moss, appeals the dismissal of her action alleging discrimination on the basis of race and sex pursuant to 42 U.S.C. Sec. 2000 et seq. We affirm the district court's judgment.
 
 
 2
 Ms. Moss, an EEO counselor at the Defense Electronic Supply Center (DESC) in Dayton, Ohio, filed a complaint of discrimination when she was not selected for a GM-14 position as the Program Analysis Officer in the Comptroller's Office at the DESC. She followed this with a complaint with the EEOC. After conducting a hearing, the EEOC determined that there had been no act of impermissible discrimination. Plaintiff then filed a complaint in the district court alleging both sex and race discrimination. By mutual consent of the parties, the trial was held before Magistrate Michael R. Merz. At the conclusion of the plaintiff's case, Magistrate Merz granted defendant's motion made pursuant to Federal Rule of Civil Procedure 41(b) for dismissal for failure of proof. Plaintiff has appealed.[1]
 
 
 3
 In accordance with DESC policy, the selection panel was to be representative of the expected applicants, and it was composed of a black male, a white female, and a white male. Each panel member held a position equivalent or above the grade level of the GM-14 vacancy at the Dayton DESC facility. The panel rated the candidates on five different criteria. Each panel member evaluated the candidates independently and then voted for a preferred candidate. Plaintiff was not selected for the position by the panel.
 
 
 4
 During the interviews of candidates, the panel members asked identical questions which were drafted prior to the interviews by Commander Roach, the panel chairman. The questions as submitted were reviewed by the other two panel members and the official, who was to make the selection, Mr. Payton. The panel members testified that they felt no pressure to select any particular applicant.
 
 
 5
 On panel member, Cottom, testified that she ranked the plaintiff as last out of the four candidates interviewed. She had a particularly strong motive to treat the plaintiff fairly as plaintiff in the past had assisted her in processing her own sex discrimination complaint to a successful conclusion.
 
 
 6
 1. Did the district court err in excluding proof of systematic discrimination?
 
 
 7
 Plaintiff maintains that the district court erred in excluding proof of systematic discrimination by the Agency. The district court excluded the evidence because "it was not properly raised in her administrative complaints filed with DESC and thus [could not] properly be litigated [there]." Findings of Fact and Conclusions of Law at 8.
 
 
 8
 A review of the record suggests that the magistrate did not err in excluding the testimony. Although plaintiff vaguely referred to systematic discrimination at the EEOC hearings, she never alleged it specifically as an issue. Consequently, the administrative law judge (ALJ) made no findings nor rendered a decision on the issue of systematic discrimination. Plaintiff referred to only one of the prior instances of alleged racial discrimination in promotion selection. This was insufficient to show systematic racial or sex discrimination.
 
 
 9
 Title 42 U.S.C. Sec. 2000e requires that issues of discrimination be examined at the administrative agency level prior to review by a district court. See Brown v. GSA, 425 U.S. 820 (1976). Because plaintiff did not properly raise a systematic discrimination issue at the administrative level, the magistrate properly excluded evidence on this issue. See Wolfolk v. Rivera, 729 F.2d 1114, 1119 (7th Cir.1984).
 
 2. Evaluation of the evidence
 
 10
 Plaintiff asserts next that the panel chairman's use of the phrase "shirt sleeve manager abilities" in the selection process constituted a "sexist" remark. One of the members of the selection panel used this term to describe the type of person they wanted for the position. Plaintiff argues error in allowing testimony as to the meaning of this phrase.
 
 
 11
 Plaintiff asserts that the "expert testimony" contained in a book entitled Dress for Success should supersede any opinion testimony offered by defendant. The book, which was not offered into evidence, discusses (according to plaintiff) "shirts" when addressing what men should wear to work. The Women's Dress for Success, on the other hand, refers to "blouses" as the proper attire for women. Plaintiff believes that the opinions of the selecting panel "do not take the place of facts especially when they are not 'expert' opinions."
 
 
 12
 A district court's findings of fact will not be disturbed on appeal unless found to be clearly erroneous. Hesler v. United States, 718 F.2d 202, 204 (6th Cir.1983). The magistrate found that the panel member who used the phrase "shirt sleeve" did not intentionally use it as a sexist statement. Plaintiff's argument on this point is without merit.
 
 3. Denial of due process
 
 13
 Finally, plaintiff argues that she was denied due process because the magistrate did not "give De Nova [sic] consideration of [her] complaint."
 
 
 14
 As stated, the magistrate was not obligated to give "de novo" review of a systematic discrimination claim. It is unclear what type of "de novo" review the plaintiff is complaining about in reference to the "shirt sleeve" comment. Our review here suggests that the magistrate gave full consideration to all issues raised before the administrative agency. There appears to be no violation of due process in this case.
 
 
 15
 The judgment of the magistrate is AFFIRMED.
 
 
 
 *
 JUDGE WELLFORD took senior status effective January 21, 1991
 
 
 **
 THE HONORABLE RONALD E. MEREDITH, Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Throughout all proceedings at the district court level, plaintiff was represented by counsel. Plaintiff, however, has chosen to proceed without the benefit of counsel in the present appeal