16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Donzell GERALD, Plaintiff-Appellant,
v.
Edward IRONS and J. Roby, Defendants-Appellees.
 No. 90-3235.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 7, 1993.*
Decided Dec. 27, 1993.
 
 Before POSNER, Chief Judge, and RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Donzell Gerald filed a civil rights action pursuant to 42 U.S.C. Sec. 1983, contending that defendants used excessive force during his arrest. The district court appointed counsel to represent Gerald. Technically, the district court was limited to requesting a lawyer to represent Gerald. 28 U.S.C. Sec. 1915(d); Mallard v. United States, 490 U.S. 296 (1989); Hughes v. Joliet Correctional Center, 931 F.2d 425, 429 (7th Cir.1991). A jury returned a verdict in favor of defendants Irons and Roby.[1] Gerald asserts on appeal that he was denied effective assistance of counsel and that defense counsel's remarks concerning Gerald's murder conviction deprived him of a fair and impartial trial.
 
 
 2
 The Sixth Amendment guarantee of effective assistance of counsel is not applicable in civil cases. While there may be a limited due process right to counsel in narrow circumstances, Lassiter v. Department of Social Servs., 452 U.S. 18 (1981) (indigent litigant in parental status termination proceeding may have right to appointed counsel if potential deprivation of physical liberty exists, but also depends on the circumstances of each case); In re Gault, 387 U.S. 1 (1967) (right to appointed counsel in delinquency proceeding which may result in commitment to an institution in which the juvenile's freedom is curtailed), in general the Supreme Court has recognized only a right to retained, not appointed, counsel in civil proceedings. Walters v. National Ass'n of Radiation Survivors, 105 S.Ct. 3180 (1985); Powell v. Alabama, 287 U.S. 45, 69 (1932). Since Gerald had no constitutional right to have counsel appointed, it follows he had no constitutional right to effective assistance of counsel. See Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991); Lewis v. Lane, 816 F.2d 1165, 1169 n. 6 (7th Cir.1987); Wolfolk v. Rivera, 729 F.2d 1114, 1119-20 (7th Cir.1984). Contrary to Gerald's attempt in his reply brief to characterize his suit as one involving his physical liberty, Lassiter, 452 U.S. at 25-27, this is a civil rights action in which Gerald seeks damages and a declaratory judgment--there is no danger that Gerald will lose his liberty if he loses this suit. See Coleman v. Thompson, 111 S.Ct. 2546 (1991); Murray v. Giarrantano, 492 U.S. 1 (1989).
 
 
 3
 The other issue raised by plaintiff concerning defense counsel's comments during trial cannot be given meaningful review because Gerald has failed to file a transcript of the trial. Fed.R.App.P. 10(b). We have "no alternative but to dismiss an appeal if the absence of the transcript precludes meaningful review." Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989) (reviewing cases where court dismissed appeal for appellant's failure to file transcript, and cases deciding issues on the merits to the extent it is practical without the transcript), cert. denied, 493 U.S. 1020 (1990); Fed.R.App.P. 3(a). See also Stookey v. Teller Training Dist., Inc., No. 91-2869, slip op. (7th Cir. Nov. 8, 1993). Gerald's belief that his former counsel took care of the "initial steps" of the appeal is not based in reason since Gerald has proceeded pro se for the duration of the appeal. Nor is there any indication in the record that Gerald attempted to procure the relevant portions of the trial transcript even after the appellees raised the issue in their brief on appeal.
 
 
 4
 AFFIRMED in part, DISMISSED in part.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The district court directed a verdict in favor of defendants Hatcher and Motley. R. 86