95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bobby R. LONG, Plaintiff-Appellant,
v.
Eddie HULL, B. Bradley, Charles E. Wright, James Kimmel, and
Charles F. Adkins, Defendants-Appellees.
 No. 94-2659, 94-2734.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1996.*
Decided Aug. 9, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Bobby Long sued various prison officials under 42 U.S.C. § 1983, alleging that they subjected him to excessive force in two altercations. The case was tried before a magistrate judge, who recommended entering judgment in favor of the defendants. The district court rejected Long's objections and entered judgment. Long now appeals.[1] We affirm.
 
 
 2
 Long's core complaint is simply that the lower court's determination that the defendants did not violate the Eighth Amendment was mistaken. The magistrate judge reasoned that the relevant question was "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citation omitted), and concluded that the various defendants either acted consistently with necessity or were not personally involved in the incidents. The magistrate judge's conclusions, as Long acknowledges, were founded largely on his assessment of the credibility of the witnesses; as such, they are entitled to substantial deference and may be disturbed only if clearly erroneous. United States v. Griffin, 84 F.3d 912, 930 (7th Cir.1996). Long does no more than attempt to reargue the facts and gives us no serious reason to question these findings.
 
 
 3
 Long's claim that he was improperly denied a jury trial is more disturbing. The defendants argue that he never requested a jury, but they are mistaken: he did so at the preliminary pretrial conference on October 14, 1993. However, a trial by jury must be demanded promptly, typically within ten days of the filing of the defendant's answer. Fed.R.Civ.P. 38(b). The magistrate judge rejected the request out of hand on the ground of untimeliness, which was at least a technical error. As Long notes, Federal Rule of Civil Procedure 39(b) grants the court wide discretion to grant untimely jury demands. "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." Merritt v. Faulkner, 697 F.2d 761, 766 (7th Cir.) (reversing where trial court summarily rejected 9-day late jury demand), cert. denied, 464 U.S. 986 (1983); see generally 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2334 (1995) (discussing scope of Rule 39(b) discretion). The magistrate judge's error was, however, harmless because strong and compelling reasons existed for rejecting the jury demand. At the time of the conference, discovery had been completed, the first trial date had been continued at Long's request, and a second trial date was being set. Eighteen months had passed since the filing of the answer. Finally, Long was repeatedly notified that a bench trial was planned in the seven months preceding his request, yet did nothing, and so there appears to have been no excuse for his neglect.
 
 
 4
 Long's remaining contentions do not merit extended discussion: he claims that he was denied effective assistance of counsel by the court's failure to ensure the adequacy of his appointed counsel, although there is no constitutional or statutory guarantee of the adequacy of counsel in a civil case, Wolfolk v. Rivera, 729 F.2d 1114, 1119-20 (7th Cir.1984); and that the district court erred in not exercising its discretion to call witnesses sua sponte, where Long had never named or requested the witnesses. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On July 13, 1994, Long filed a notice of appeal from the district court's entry of judgment, No. 94-2659, and on July 20 filed a second notice of appeal, this time from the court's denial of a new trial, No. 94-2734. The appellees argued that Long's notices were untimely, but the question was correctly resolved in Long's favor by the district court's order of October 24, 1995