**Charles BROWN and John Lee, Plaintiffs,**

v.

**United States Secretary of Defense, Harold BROWN, Defendant.**

**Civ. A. No. 80–889.**

United States District Court, D. New Jersey.

Dec. 21, 1981.

Arthur N. Martin, Jr., Martin & Hart, P.C., East Orange, N. J., for plaintiffs.

G. Donald Haneke, Asst. U. S. Atty., Trenton, N. J., Marcia A. Gold, Dept. of the Navy, Naval Sea Systems Command, Washington, D. C., for defendant.

## OPINION

DEBEVOISE, District Judge.

Plaintiff, Charles Brown and John Lee, civilian employees of the federal Naval Weapons Station Earle, Colts Neck, New Jersey, bring this action pursuant to section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, alleging discrimination in employment on the basis of race. Defendant, the United States Secretary of Defense, now moves to dismiss portions of Brown's Title VII claims and all of Lee's Title VII claims on the ground that plaintiffs failed to bring all acts of discrimination alleged in the complaint to the attention of an Equal Employment Opportunity (EEO) Counselor within thirty days of their occurrence.

Defendant's motion, premised upon Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, asserts a lack of subject matter jurisdiction. The Third Circuit has explicitly held, however, that "[t]he filing limits under Title VII are not jurisdictional". *Bronze Shields, Inc. v. New Jersey Department of Civil Service*, 667 F.2d 1074 at 1084 (3d Cir. 1981); *see also Hart v. J.T. Baker Chemical Corp.*, 598 F.2d 829 (3d Cir. 1979). It is true that this principle was established in the context of cases arising under section 706 of Title VII, 42 U.S.C. § 2000e–5. Nevertheless, since the Third Circuit has held that federal employees are entitled to an "equality of remedy" with private sector litigants, it applies with equal force to section 717. *See Ettinger v. Johnson*, 518 F.2d 648, 652 (3d Cir. 1975); *Sperling v. United States*, 515 F.2d 465 (3d Cir. 1975). Accordingly, defendant's motion will be treated as one to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). To the extent that materials outside the pleadings which have been presented to the court

are not excluded, the motion will be treated as one for summary judgment and disposed of as provided in Rule 56. *See* Rule 12(b).

### 1. *Factual Background*

Plaintiff Brown is an Electronics Technician in the Calibration Electronics Laboratory at the Naval Weapons Station Earle and holds a civil service rating of GS–7. He has been employed at the Weapons Station since 1950.

On August 15, 1979 Brown initiated an administrative proceeding under Title VII by contacting an EEO Counselor with a complaint of employment discrimination on the basis of his race. *See* 29 C.F.R. § 1613.214(a)(1)(i). The EEO Counselor did not succeed in resolving the matter and issued a Notice of Final Interview on September 21, 1979. On October 12, 1979 Brown filed a formal administrative complaint with the Commander of the Weapons Station alleging that authorities at the facility had discriminatorily passed him over for promotion; added derogatory statements to his 1978 job performance rating after he had signed what he believed to be a satisfactory rating; downgraded his performance rating of August 16, 1979; and failed to carry out the terms of a settlement of a discrimination charge he had filed in 1971. *See* 29 C.F.R. § 1613.214(a)(1)(ii).

On October 31, 1979 the Commander sent plaintiff a letter rejecting all of plaintiff's claims except his claim that he had been denied promotion on the grounds that they were either untimely or outside the purview of applicable administrative regulations. *See* 29 C.F.R. § 1613.215. The Commander indicated that he would not consider the denial of promotion claim unless plaintiff supplied a more detailed claim within five working days. On February 28, 1980 the Commander rejected plaintiff's denial of promotion claim on the ground of failure to prosecute.

Upon the Commander's rejection of the last of his claims, plaintiff was informed of his right to file a civil action in the District Court within thirty days. He instituted suit on March 31, 1980.

Plaintiff Lee is also an Electronics Technician in the Calibration Electronics Laboratory at the Naval Weapons Station Earle with a civil service rating of GS–7. He has been employed at the Weapons Station since 1946.

Lee contacted an EEO Counselor with a complaint that he had been discriminatorily denied promotion on January 14, 1980. The EEO Counselor was unable to resolve the matter and issued a Notice of Final Interview on February 12, 1980. On March 3, 1980 Lee filed a formal administrative complaint in which he alleged that from "1967 continuous" he had been denied promotion at the Weapons Station on account of his race. In an addendum attached to his complaint Lee charged that upon his inquiry about opportunities for promotion he was informed that he "needed more schooling"; that he was never informed exactly what type of "schooling" was necessary; and that despite his completion of several courses he was still rejected for promotion on the ground of insufficient "schooling". He sought, he declared, a determination "that a case of discriminatory patterns practiced over 11 to 13 years has prevented me from being promoted to the GS–9", and requested a promotion to GS–9.

By letter dated March 20, 1980, the Commander of the Weapons Station notified Lee that his administrative claim would be rejected as untimely and notified him of his right to bring a civil action in the District Court within thirty days of receiving the letter. In a complaint filed jointly with plaintiff Brown, Lee instituted suit on March 31, 1980.

### 2. *Defendant's Motion to Dismiss*

Defendant seeks dismissal for failure to exhaust administrative remedies of all of plaintiffs' claims which were not brought to the attention of an EEO Counselor within thirty days of their occurrence.

Section 717 of Title VII, 42 U.S.C. § 2000e–16, provides for district court review of discrimination claims brought by federal employees only after "final action

taken by a department, agency, or unit" or, within "180 days from the filing of [a] charge or . . . appeal [if] the agency or Civil Service Commission [since 1978, the Equal Employment Opportunity Commission] has not taken final action". *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). Although § 717 itself contains no time limitation for commencing *agency* action, the regulations promulgated pursuant to § 717(b) provide that a federal agency may accept a formal complaint of discrimination only if:

> The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date.

29 C.F.R. § 1613.214(a)(1)(i).

The agency's time limitations must be complied with as a prerequisite to the commencement of a civil action. *Ettinger v. Johnson*, 518 F.2d 648, 652 (3d Cir. 1975); *cf. Brown v. General Services Administration, supra*, at 832, 96 S.Ct. at 1967; *Gissen v. Tackman*, 537 F.2d 784 (3d Cir. 1976). They may, however, be subject to "equitable tolling" in certain circumstances. *See Bronze Shields, Inc. v. New Jersey Department of Civil Service, supra*, at 1084–86; *Hart v. J.T. Baker, supra.*

Viewing the discriminatory acts of which plaintiffs complain as discrete events, defendants contend that most of plaintiffs' claims are time-barred because not brought to the attention of an EEO Counselor within 30 days of their occurrence. Defendant concedes that plaintiff Brown's claim that he was discriminatorily passed over for a promotion on September 12, 1979 was timely brought before the agency and that this action—or non-action, depending on how it is viewed—properly forms the basis of a civil action. Defendant argues, however, that all other occasions upon which plaintiff Brown applied for and was denied a promotion to a higher-rated vacancy, or was otherwise subjected to alleged discrimination,

occurred more than thirty days prior to time he contacted an EEO Counselor with an informal complaint.

Defendant contends that plaintiff Lee's complaint is barred in its entirety because Lee first contacted an EEO Counselor on January 14, 1980, and the most recent occasion upon which he had applied for and been passed over for promotion to a higher-rated vacancy occurred on October 4, 1979, more than thirty days earlier. Defendant further contends that Lee's complaint must be dismissed in its entirety because his formal administrative complaint was not filed within fifteen days of his receipt of notice of final interview, as required by 29 C.F.R. § 1613.214(a)(1)(ii). The Notice of Final Interview sent to Lee was dated February 12, 1980, and Lee submitted a formal complaint to the Commander of the Weapons Station on March 3, 1980.

### 3. The "Continuing Violation" Theory

Plaintiffs concede that many of the discriminatory acts and practices of which they complain occurred more than thirty days prior to the time they consulted an EEO Counselor, but argue that their claims are nevertheless timely because they have alleged a "continuing violation" by their employer. Since the focus of their complaint, they contend, is not simply that on one or more occasions they have been discriminatorily passed over for promotion, but that defendant "has engaged, and continues to engage in a pattern and practice of employment discrimination on the basis of race, color and national origin which includes among other things: unlawful and racially discriminatory hiring, promotion and harassment of Black employees", (Complaint, ¶ 2), their complaint does allege a violation of Title VII which occurred up until the moment of their first contact with an EEO Counselor.

The Supreme Court has held that an allegation that a Title VII violation, which did not form the basis of a timely charge, has resulted in a continuing set of detrimental *consequences* is not sufficient to state a

timely Title VII claim. *United Airlines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *see also Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Where, on the other hand, the offending discriminatory practice or practices themselves continue up until the time of filing, claims of discrimination which would ordinarily be time-barred may contribute to a timely Title VII claim under the "continuing violation" theory. As the Third Circuit has recently observed, "[s]uits may be brought by victims of one or more discriminatory acts occurring before the limitations period, so long as the plaintiff establishes that the offending practice is an ongoing one". *Jewett v. International Telephone and Telegraph Corp.,* 653 F.2d 89 (3d Cir. 1981); *see also Delaware State College v. Ricks, supra; Bronze Shields, Inc. v. New Jersey Department of Civil Service, supra,* at 1080–84.

■ Viewing defendant's motion as one for summary judgment, and looking to the factual materials which have been supplied outside the pleadings, I conclude that plaintiffs have alleged facts from which a reasonable inference of a continuing Title VII violation can be made out. To require that employees who have been passed over on a particular occasion for promotion file an administrative claim within thirty days or forever forfeit any claim of employment discrimination based upon that event would be unduly harsh and not consonant with the remedial purposes of Title VII. *See Bronze Shields, Inc. v. New Jersey Department of Civil Service, supra,* at 1080–81. Where, as here, allegations are made that an employer's discriminatory conduct is continuous and systematic, and the practices complained of are not merely the denial of specific promotional opportunities but the denial of the opportunity to *prepare* for such opportunities when they do arise, the requisites of a continuing violation may be met.

If the facts are viewed in the light most favorable to plaintiffs, it cannot be stated, as a matter of undisputed fact, that defend-ant is entitled to prevail as a matter of law on the issue of the timeliness of plaintiffs' administrative charges. I will therefore deny defendant's motion for summary judgment on portions of Brown's action and all of Lee's action on the ground that the acts complained of did not occur within the requisite thirty-day time limitation.

In view of this resolution of defendant's motion, I will not address at this time plaintiffs' argument that, even if they are not entitled to rely on a continuing violation theory, their actions must nevertheless be considered timely on a theory of "equitable tolling" or in accordance with the provisions of 29 C.F.R. § 1613.214(a)(4). Plaintiffs may develop their proofs on this alternate theory of timeliness at trial or in response to a subsequent summary judgment motion.

**4. *Plaintiff Lee's Failure to File a Formal Complaint within Fifteen Days of Final Interview with EEO Counselor***

As an additional ground for dismissal of plaintiff Lee's complaint, defendant argues that the undisputed factual record shows that Lee failed to file a formal administrative complaint within fifteen days of the date of his final interview with the EEO Counselor, as required by 29 C.F.R. § 1613.-214(a)(1)(ii).

The documentary record indicates that Lee received a "Notice of Final Interview" indicating that his "final counseling interview was held ... on February 12, 1980". Lee filed a formal administrative complaint with the Commander of the Weapons Station on March 3, 1980, approximately twenty days later.

Although Lee does not dispute the accuracy of the dates supplied by defendant, he argues that he was entitled to the benefit of 29 C.F.R. § 1613.214(a)(4), which provides that:

The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time

limits; or (ii) for other reasons considered sufficient by the agency.

Lee contends in his brief on this motion that he was neither properly apprised of nor independently aware of the filing deadlines required under 29 C.F.R. § 1613.214 and, therefore, should have been given the advantage of an extension of the deadlines. *See Ettinger v. Johnson*, 556 F.2d 692 (3d Cir. 1977) (*Ettinger* II); *Myles v. Schlesinger*, 436 F.Supp. 8 (E.D.Pa.1976).

Although 29 C.F.R. § 1613.214(a)(1)(ii) provides that an agency may accept a formal complaint for processing only if it is submitted within fifteen days *of the complainant's final interview* with an EEO Counselor, the notice sent to Lee explicitly stated: "[Y]ou have the right to file a COMPLAINT OF DISCRIMINATION WITHIN 15 CALENDAR DAYS *AFTER RECEIPT OF THIS NOTICE.*" (Defendant's Exhibit 8) (emphasis added). Defendant has submitted no evidence indicating the date Lee actually *received* the letter.

■ The documentary record itself, therefore, raises an issue of fact as to whether defendant properly notified Lee of the time limits within which he was entitled to file a formal complaint of discrimination with his agency head. Moreover, Lee's assertion that he was not made aware of the time limitations within which to file his complaint raises an issue of fact which may not be resolved on a motion for summary judgment. *See Ettinger* II, *supra*, at 698–99. Because there are genuine issues of fact material to the application of the extension provisions of 29 C.F.R. § 1613.-214(a)(4), defendant's motion for summary judgment will be denied.

■ Even if Lee were not entitled to the benefit of an extension pursuant to 29 C.F.R. § 1613.214(a)(4), defendant would not be entitled to summary judgment on the ground that Lee failed to exhaust his administrative remedies. 42 U.S.C. § 2000e–16(c) provides that a complaint may be filed in the district court either thirty days after "receipt of notice of final [agency] action" or after 180 days from the "filing of the initial charge with the depart-ment, agency, or unit" if the agency has not taken final action.

If one views Lee's consultation with the EEO Counselor as the "filing of the initial charge" with the agency—a logical approach since it is this step which trips the limitations provision—then the agency's refusal to consider the matter further for any reason constitutes a final agency decision on which Lee was entitled to sue within thirty days. The commanding officer's "rejection" of Lee's discrimination claim was dated March 20, 1980, and expressly stated: "[Y]ou may file a civil action in an appropriate U.S. District Court within 30 days of receipt of this decision." Lee filed his action with this Court on March 31, 1980, eleven days later.

Alternatively, if one views the refusal to consider Lee's charge on the ground that it was not timely as an agency failure to take action, Lee would have become entitled to bring a civil action after 180 days from the filing of his charge. Under either hypothesis, dismissal of this action would not be required. *See Richerson v. Jones*, 572 F.2d 89, 97 (3d Cir. 1978); *Williams v. Department of Navy*, 472 F.Supp. 747 (E.D.Pa. 1979).

The government might argue that even if plaintiff Lee is entitled to a *de novo* determination of his claim the sole issue which may be considered is whether he complied with the fifteen-day requirement for filing a written complaint with the agency. *Cf. Johnson v. Bergland*, 614 F.2d 415 (5th Cir. 1980).

The Third Circuit has held, however, that since "the procedural requirements in the Title VII area are neither interpreted too technically nor applied too mechanically . . . where the statutory purpose preferring conciliation has been served, the failure to comply perfectly with the procedural requirements of Title VII may not be fatal to the employee's cause of action". *Richerson v. Jones*, 572 F.2d 89, 95–96 (3d Cir. 1978).

To require that federal Title VII plaintiffs not only bring their claims to the attention of the agency through an EEO

Counselor within thirty days, but also meet a subsequent fifteen-day deadline as a prerequisite to a civil action on the merits of the claim would be to create, in effect, a "double" statute of limitations. While the thirty-day requirement serves the conventional purpose of a limitations provisions, in that it requires the commencement of an action within a specified period of time and promotes repose, the fifteen-day requirement serves no interest other than the internal agency interest in speedily processing discrimination claims. To require strict compliance with the fifteen-day requirement would be to impose a "technicality" "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process". *Love v. Pullman*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972).

Further support for this view can be found in the language of *Ettinger v. Johnson*, 518 F.2d 648, 652 (3d Cir. 1975) (*Ettinger* I), in which the Third Circuit held that a § 717 plaintiff "runs afoul of the exhaustion doctrine only if she failed either *to bring her complaints to the attention of the counselor* within the time limits prescribed by 5 C.F.R. § 713.214(a)(1)(i), or to raise in the administrative process the issues set forth in her amended complaint". (Emphasis added.)

Here, Lee clearly did not "bypass" the administrative process. It would be a grave injustice to hold that his civil claim is forever barred merely because he failed by only a few days to comply with a purely procedural internal time limitation. Perhaps the agency may properly refuse to take action in an administrative claim if its deadlines are not met. Such a procedural default should not, however, become a "trap for the unwary" and defeat a plaintiff's right to a civil action, at least where the default is occasioned not by a "deliberate bypass" but by "excusable neglect". *Cf. Federal Rules of Civil Procedure* 6(b).

 Finally, because the commanding officer rejected Lee's formal complaint on the ground that his claims had not been brought to the attention of an *EEO Counselor* in a timely fashion, and not because he had failed to comply with the fifteen-day deadline, the agency may be considered to have waived the fifteen-day requirement.[1]

For the foregoing reasons, defendant's motion to dismiss plaintiff Lee's claims on the ground that Lee failed to file a formal administrative complaint within fifteen days of his final interview with an EEO Counselor will be denied.

Plaintiff's attorney is requested to submit a form of order consistent with this opinion.

---

1. Plaintiff has argued as an additional defense to defendant's motion that defendant waived the affirmative defenses it has argued here by omitting them from its pleadings. *See Fed.R.Civ.P.* 8(c). Clearly, however, these are defenses which may be asserted up until the close of trial. *Fed.R.Civ.P.* 12(h)(2); *Weaver v. Bowers*, 657 F.2d 1356, at 1360 (3d Cir. 1981).