Robert ROYALL, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Defendant.

No. 83 CV 4863.

United States District Court, E.D. New York.

Nov. 25, 1985.

Andrew Mead Von Salis, Brooklyn, N.Y., for plaintiff.

Raymond Dearie, U.S. Atty. for E.D.N.Y. by William B. Peterson, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, *et seq.* ("Title VII"), as applied to federal employees. 42 U.S.C. § 2000e–16. Plaintiff, who initiated the action *pro se* but now is represented by counsel, alleges that the denial of his request for a "tour of duty transfer" constituted racial discrimination in violation of Title VII.

Defendant moves to dismiss the complaint, Fed.R.Civ.P. 12(b)(1), (6), or in the alternative, for summary judgment, Fed.R. Civ.P. 56. In response, plaintiff moves to substitute the Postmaster General as defendant. For the reasons set forth below, plaintiff's motion is granted and defendant's motion is denied.

### *Facts*

Plaintiff was employed by the defendant, United States Postal Service ("USPS"), from June 25, 1979 to January 20, 1984. He served as a computer mark-up clerk at the General Post Office in Brooklyn, New York. In September 1980, plaintiff began a two-year day school program at Stenotype Academy. In order to attend classes, plaintiff took one hour's leave without pay each afternoon at the beginning of his work shift.

In April 1982, the duty shifts in plaintiff's unit were consolidated. As a result, plaintiff's work schedule conflicted with his studies, and he requested a transfer to another department for the duration of his academic program. Plaintiff's request was denied and, consequently, he was unable to continue his studies.

Plaintiff contends that around August 1982, he perceived a pattern of discrimination in the USPS's treatment of transfer requests. Hence, plaintiff contacted the Equal Employment Opportunity ("EEO") office on August 30, 1982. He first met with an EEO counselor on September 10, 1982, and his final interview occurred on October 27, 1982. At that time, the EEO counselor advised plaintiff both verbally and by written notice that he had fifteen days within which to file a formal complaint. Plaintiff sent a formal complaint of discrimination to the USPS on November 13, 1982, seventeen days after his final interview.

On December 27, 1982, the USPS rejected plaintiff's complaint on the grounds that he had failed to (1) contact his EEO counselor within thirty days of the alleged discriminatory event, and (2) file his formal complaint within fifteen days of his final interview with an EEO counselor.

On January 17, 1983, plaintiff filed an appeal with the Equal Employment Opportunity Commission's ("EEOC") Office of Review and Appeals. On September 22, 1983, plaintiff's appeal was denied on the ground that he had failed to file a timely complaint within fifteen days of his final interview. On November 4, 1983, plaintiff commenced this action.

### *Discussion*
*Compliance with Administrative Regulations*

Section 717 of Title VII provides for district court review of employment discrimination claims brought by federal employees. 42 U.S.C. § 2000e–16. A federal employee who seeks to file a court action based on Title VII must first exhaust available administrative remedies, as set forth in Section 717 and 29 C.F.R. § 1613.211 *et seq. See Brown v. General Services Ad-*

*ministration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976).

The regulations require that an aggrieved employee seek counseling from an EEO counselor within thirty days of the event giving rise to the charge of discrimination ("the thirty-day rule"). If the matter has not been resolved by the final interview, the counselor shall inform the complainant in writing of the right to file a formal complaint within fifteen days ("the fifteen-day rule"). 29 C.F.R. §§ 1613.214(a)(1)(i) and (ii). Both time limits may be waived by the agency if the complainant either (a) was not notified or was otherwise unaware of the rule; (b) was prevented by circumstances beyond his control from complying with the rule; or if (c) the agency concludes that other reasons justify noncompliance. 29 C.F.R. § 1613.214(a)(4).

## A. THE THIRTY–DAY RULE

█ Plaintiff was denied his transfer on April 3, 1982. Relying on *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980), wherein the Supreme Court held that limitations periods on discrimination claims begin to run when an employee first learns of the personnel action at issue, defendant characterizes plaintiff's August 30, 1982 meeting with the EEOC counselor as several months too late.

Plaintiff alleges, however, that discriminatory transfers of other Postal employees occurred between April 2, 1982 and August 30, 1982, and that he became aware of them within thirty days before his August 30, 1982 request for counseling. *See* EEO File at 13, 22 and 26. Thus, plaintiff contends that his claim was one of continuing discrimination, and that the limitations period begins anew each time a related discriminatory act occurs. *See Valentino v. United States Postal Service,* 674 F.2d 56, 65 (D.C.Cir.1982); *Brown v. Brown,* 528 F.Supp. 686, 689 (D.N.J.1981).

Whether these discriminatory transfers actually occurred and whether plaintiff became (or should have become) aware of them more than thirty days prior to his meeting with the EEOC counselor are questions of fact to be resolved at trial. Thus, defendant's motion to dismiss the complaint for failure to comply with the thirty-day rule is denied.

## B. THE FIFTEEN DAY RULE

█ It is clear that plaintiff filed his formal complaint with the EEOC two days late. He claims that the additional two days were "necessary for the completion of study and research in an effort to properly present [his] case." *See* EEO File at 13. Plaintiff, who it must be remembered was proceeding without a lawyer, argues that his two-day peccadillo should be forgiven under traditional principles of equity.

In *Zipes v. TWA, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), a case involving a Title VII claim against a private employer, the Supreme Court held that the filing of a timely charge of discrimination with the EEOC, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Id.* at 393, 102 S.Ct. at 1132. Defendant argues, however, that sovereign immunity makes the *Zipes* holding inapplicable to a government employer. *See Sims v. Heckler,* 725 F.2d 1143, 1146 (7th Cir.1984); *Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082, 1083 (9th Cir.1983).

Rejecting the sovereign immunity argument, several courts have extended *Zipes* to federal employers, and have held that the time limitations are subject to equitable tolling in appropriate cases. *See Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984); *Kizas v. Webster,* 707 F.2d 524, 543 (D.C. Cir.), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984); *Milam v. United States Postal Service,* 674 F.2d 860, 862 (11th Cir.1982); *Malave v. Bolger,* 599 F.Supp. 221, 223 (D.Conn.1984); *But see Sims v. Heckler,* 725 F.2d at 1145 (declining to extend *Zipes* to suits against federal employers). This view, which I adopt, is consistent with Congress' intent to give federal employees essentially the same rights and remedies as employees in the private sector. *Martinez v. Orr, su-*

*pra,* 738 F.2d at 1110 (*citing* H.R.Rep. No. 238, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 2137, 2159).

I turn now to the question whether equitable tolling is appropriate in this case.

 The procedural requirements of Title VII must be construed liberally in view of the beneficial purpose of exposing unlawful discrimination. *Love v. Pullman,* 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972). Accordingly, the failure to comply perfectly with those requirements need not be fatal to the employee's cause of action. *See Richerson v. Jones,* 572 F.2d 89, 95–96 (3d Cir.1978). As one Court has noted:

> To require that federal Title VII plaintiffs not only bring their claims to the attention of the agency through an EEO Counselor within thirty days, but also meet a subsequent fifteen-day deadline as a prerequisite to a civil action on the merits of the claim would be to create, in effect, a "double" statute of limitations. While the thirty-day requirement serves the conventional purpose of a limitations provision, in that it requires the commencement of an action within a specified period of time and promotes repose, the fifteen-day requirement serves no interest other than the internal agency interest in speedily processing discrimination claims. To require strict compliance with the fifteen-day requirement would be to impose a "technicality" "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process."

*Brown v. Brown, supra,* 528 F.Supp. at 691–92 (quoting *Love v. Pullman, supra,* 404 U.S. at 527, 92 S.Ct. at 619).

 In this case, basic equity requires that plaintiff's two-day lapse be forgiven. Defendant's motion to dismiss plaintiff's claims on the ground that plaintiff failed to file a formal administrative complaint with-

in fifteen days of his final interview with an EEOC counselor is denied.

*Substitution of Parties*

 Title VII of the Civil Rights Act of 1964, as amended, provides that a federal employee "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action ... in which ... the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). In this *pro se* complaint, however, plaintiff improperly named the United States Postal Service as the sole defendant.

Plaintiff now requests that he be allowed to file an amended complaint substituting the Postmaster General as defendant. Inasmuch as allowing plaintiff to amend his complaint would clearly be in the interest of justice, it is hereby ORDERED that plaintiff's request to amend his complaint to substitute the Postmaster General as defendant is granted, and all claims against the United States Postal Service are hereby dismissed. *See Guilday v. Department of Justice,* 451 F.Supp. 717, 726 (D.Del.1978).

*Motion for Summary Judgment*

 Finally, defendant moves for summary judgment on plaintiff's claims of discrimination. Fed.R.Civ.P. 56. However, the absence of discovery in this action militates against the grant of summary judgment at this stage of the litigation. *Cf. Zahorik v. Cornell University,* 729 F.2d 85, 91 (2d Cir.1984). Accordingly, defendant's motion for summary judgment is denied without prejudice to renewal upon completion of discovery.

*Conclusion*

Plaintiff's motion to amend the complaint to substitute the Postmaster General as defendant is granted and the claims against the defendant United States Postal Service are dismissed. In all other respects, defendant's motions are denied.[1]

---

**1.** I need not address defendant's assertion that plaintiff's claim for breach of contractual seniority rights must proceed through the contrac-

tual grievance procedure, since plaintiff has represented to the Court that he is not asserting such a claim.

The parties are directed to complete discovery in this action by June 13, 1986, and to appear before this Court for a final settlement conference on July 18, 1986 at 10:00 a.m.

SO ORDERED.