

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2002

# Donovan v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2094

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Donovan v. Postmaster General" (2002). *2002 Decisions.* Paper 357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2094
_____

JOAN R. DONOVAN

Appellant

v.

WILLIAM J. HENDERSON,
POSTMASTER GENERAL; ELVOID CHRISTMAS;
ANDRE ADDISON
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 99-cv-05341
District Judge:  The Honorable Nicholas H. Politan
_____

Argued:  June 4, 2002
_____

Before: SCIRICA, BARRY, and WEIS, Circuit Judges

(Opinion Filed: June 13, 2002)
_____

John A. Craner, Esquire (Argued)
Craner, Satkin & Scheer
320 Park Avenue
P.O. Box 367
Scotch Plains, NJ 07076

Attorney for Appellant
James B. Clark, III, Esquire (Argued)
Assistant U.S. Attorney
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

Attorney for Appellees

_____

OPINION OF THE COURT
_____

BARRY, Circuit Judge
    The outcome of this appeal hinges on the equitable tolling doctrine.  More specifically, the issue presented is whether it is fair to excuse appellant Joan Donovan's undisputed failure to comply with the 15-day period for filing her formal complaint

against the Postal Service. See 29 C.F.R. 1614.105(d) & 1614.106(b). On April 4, 2001, the District Court declined to equitably toll the 15-day period and granted summary judgment against Donovan for her failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. 1291 and will affirm.

The parties are familiar with the facts of this case and we will, accordingly, discuss them only as necessary to resolve the issue presented.

On February 3, 1999, Donovan, then acting pro se, filed an Equal Employment Opportunity ("EEO") complaint alleging discrimination based on her disability (multiple sclerosis), race (white), and sexual harassment by a co-worker, Emil Anthony. In response to her complaint, the Postal Service conducted an investigation and issued a report on February 23, 1999 which disclosed that Anthony admitted to kissing Donovan's hand and hugging her on several occasions.

On June 11, 1999, Donovan retained the attorney who now represents her on appeal. Seventeen days later, on June 28, 1999, counsel received a letter from the Postal Service dated June 23, which stated that the EEO inquiry into Donovan's February 3 and March 2 complaints had been "completed." The letter also enclosed a Notice of Rights to File Individual Complaint, and warned that "[f]ailure to file within fifteen days upon receipt of this letter may result in your Case being dismissed."

Because Donovan's attorney received the Postal Service's letter and notice on June 28, it is undisputed that a formal complaint should have been filed no later than July 13, 1999. This Donovan did not do. Instead, she waited until July 30, 1999 to file a formal complaint, i.e., seventeen days past the July 13 deadline or thirty-two days (more than double the allotted time) from receipt of the notice. Counsel made no effort to obtain an extension of the 15-day filing period, and on September 21, 1999, the Postal Service dismissed Donovan's formal complaint for failure to timely meet that deadline. Donovan initiated this action on November 16, 1999 pursuant to Title VII and the Rehabilitation Act. We review the District Court's grant of summary judgment de novo.

Under Title VII and the Rehabilitation Act, a claimant must first exhaust her administrative remedies before filing suit in federal court, and a failure to exhaust is akin to a failure to comply with a statute of limitations. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997); Spence v. Straw, 54 F.3d 196, 200 (3d Cir. 1995). Administrative remedies are designed to ensure that an agency gets the first opportunity to resolve a discrimination charge, while leaving the claimant with a federal court remedy if the agency sits on the claim or ultimately denies relief.

As noted above, the administrative procedure at issue here is the 15-day window for filing a formal complaint after notice of a right to file a formal charge is received. A failure to comply with this 15-day period is grounds for dismissal of a tardy complaint, and constitutes a failure to exhaust. Donovan concededly did not file within fifteen days, and argues that the doctrine of equitable tolling should be applied to preserve her discrimination claim.

We have noted three principal, although not exclusive, reasons to permit equitable tolling: (1) where the defendant has actively misled plaintiff; (2) where the plaintiff, in some extraordinary way, has been prevented from asserting her rights; or (3) where the plaintiff has timely asserted her rights, but in the wrong forum. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

Donovan recognizes that none of these principal reasons for granting equitable tolling is present in this case. Instead, she asserts two other reasons for granting equitable relief. First, she contends that there is no prejudice to the Postal Service from the late filing. Second, she claims that, even if she had filed on time, she could have initiated a federal lawsuit on August 2, 1999 pursuant to the 180-day rule in 42 U.S.C. 2000e-16(c), and that the Postal Service would not have resolved her complaint by that date. By way of explaining the delay for her filing, Donovan's attorney contends that more than fifteen days was necessary because he needed to get up to speed on the case.

Donovan's claim of no prejudice which the Postal Service does not contest is, standing alone, insufficient to warrant equitable tolling. Baldwin County Welcome Cntr. v. Brown, 466 U.S. 147, 152 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures."). Here, Donovan received fair warning of the risk for failing to comply yet let the deadline run.

"One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."  Id. at 151.

Donovan's reliance on the 180-day rule is no more availing.  She contends that, given its various delays, including the month and a half it took the Postal Service to dismiss her formal complaint on procedural grounds, it is highly unlikely that the Postal Service would have resolved her claim on the merits between July 13 and August 2. Donovan claims that "[u]nder these circumstances, further exhaustion of the internal Postal Service remedy would have been futile, and therefore, this case should be allowed to go forward."

The difficulty for Donovan is that she had a good faith obligation to file her formal complaint by July 13 so that the Postal Service would be given a fair opportunity to review her claim within the 180-day window.  Donovan not only failed to do this but did not seek an extension of time or attempt to justify her tardiness.  The fact that she could have filed a federal action on August 2 a right that she did not assert  does not excuse her own failures.  Accord Johnson v. Bergland, 614 F.2d 415, 418 (5th Cir. 1980) ("[I]f the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either.  Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway.").

In any event, Donovan's description of further agency action as being rendered "futile" by the 180-day rule is incorrect.  The 180-day rule creates an option for Title VII plaintiffs to pursue relief in federal court, but it does not preclude or render useless further agency procedures.  Donovan's recourse was to follow the rules, file a timely complaint, and then go to federal court in August if no final decision had been rendered. Instead, Donovan waited until the end of July before filing her claim knowing that dismissal for such tardiness was at least possible if not probable or certain.  In such circumstances, we conclude that equitable relief is unwarranted.  School Dist. of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir. 1981) ("The tolling exception is not an open-ended invitation to the courts to disregard limitations periods simply because they bar what may be an otherwise meritorious cause.").

For the foregoing reasons, we will affirm the April 4, 2001 order of the District Court.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/ Maryanne T. Barry
Circuit Judge