**Dr. Paul K. ROSENBERG, Plaintiff,**

**v.**

**HEALTHCORP AFFILIATES, an Illinois not-for-profit corporation; Central DuPage Hospital Association, an Illinois not-for-profit corporation; Neil S. Agruss, M.D.; James M. Bowles, M.D.; John T. Carroll, M.D.; Gary Christensen, M.D.; Richard Endress; David S. Fox; Edward A. Gulling, M.D.; Thomas J. Hawkins, M.D.; Stephen Hazard; John Heitzler, M.D.; George Holzhauer; Michael Hussey, M.D.; Ronald C. Larry, M.D.; John J. Messitt, M.D.; Carlos Mock, M.D.; Joseph J. Nigro, M.D.; William Petrando, M.D.; Salvator W. Reda, M.D.; Kenneth I. Siegel, M.D.; Victor Trinkus, M.D., Defendants.**

**No. 86 C 6616.**

United States District Court, N.D. Illinois, E.D.

Jan. 29, 1987.

E. James Gildea, William D. Kelly, Steven J. Rosenberg, Chicago, Ill., for plaintiff.

Harold L. Jacobson, Lord Bissell & Brook, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Dr. Paul K. Rosenberg filed a complaint under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2 (1982), against defendants Healthcorp Affiliates ("Healthcorp"), Central DuPage Hospital Association ("Association") and various individual officers and members of their staffs [1] charging that the defendants' decision to deny his application for membership on the medical staff at Central DuPage Hospital ("Central DuPage") was an illegal restraint of trade and an attempt to monopolize the relevant market for the delivery of medical services. Several of the defendants [2] moved to dismiss the complaint, arguing that Rosenberg (1) failed to adequately allege facts constituting an actionable effect on interstate commerce, (2) has no standing because he did not exhaust administrative procedures created by the Association's Medical Staff By-Laws and (3) cannot maintain a claim because the conduct he alleges is immune from antitrust liability under the "state action" doctrine. This Court agrees that Rosenberg's complaint fails to state a claim for a violation of the Sherman Act because it does not properly plead a significant or adverse effect on interstate com-

merce. Accordingly, for the reasons set forth below, we grant defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6).

This is a hospital staff exclusion case, a breed of antitrust claim which has been enjoying increasing popularity in recent years as a method of challenging decisions by hospitals to deny or suspend staff privileges of health professionals. Rosenberg alleges that he applied for a position on the medical staff at Central DuPage in January of 1986 but was denied staff membership when he would not transfer his entire practice to that hospital even though the by-laws of Central DuPage did not prohibit multiple staff membership. At this time, Rosenberg was already a staff member at three other hospitals, including Glendale Heights Community Hospital ("Glendale Heights"), which is one of four general short-term hospitals in DuPage County besides Central DuPage. Rosenberg also alleges that Central DuPage holds a favorable competitive position in DuPage County by virtue of its location, its facilities and its access to federal funds and that membership on the staff at Central DuPage offers competitive advantages to physicians. His basic complaint is that the defendants' denial of staff membership was the result of a combination and conspiracy to exclude him from competing with other staff physicians at Central DuPage and to eliminate competition between Central DuPage and Glendale Heights.

We observe at the outset that the defendants' motion was filed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. There has been some dispute among different courts regarding the technical aspect of whether the interstate commerce aspects of Sherman Act plead-

---

1. The individual defendants are Neil S. Agruss, M.D.; James M. Bowles, M.D.; John T. Carroll, M.D.; Gary Christensen, M.D.; Richard Endress; David S. Fox; Edward A. Gulling, M.D.; Thomas J. Hawkins, M.D.; Stephen Hazard; John Heitzler, M.D.; George Holzhauer; Michael Hussey, M.D.; Ronald C. Larry, M.D.; John J. Messitt, M.D.; Carlos Mock, M.D.; Joseph J. Nigro, M.D.; William Petrando, M.D.; Salvator W. Reda, M.D.; Kenneth I. Siegel, M.D.; Victor Trinkus, M.D.

2. For reasons unexplained, Bowles, Carroll, Christensen, Hawkins, Larry and Messitt did not join the motion to dismiss filed by Healthcorp, Central and the other individual defendants. In the body of this opinion, the Court collectively refers only to the *moving* defendants as "defendants." Nevertheless, for the reasons set forth in this opinion, the complaint is dismissed as to the *non-moving* defendants as well. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 (1969).

ings should be analyzed as a matter of subject matter jurisdiction or as an element of a cause of action under the Act. In the latter case, motions to dismiss are predicated on failure to state a claim under Fed.R. Civ.P. 12(b)(6), but in the former case, such motions would be raised under Fed.R.Civ.P. 12(b)(1). The practical difference is that the Court must assume the truth of the well-pleaded factual allegations in the complaint in reviewing whether the complaint states a claim for relief under the Sherman Act, *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984), but may consider submissions not contained in the pleadings which may nonetheless be relevant to the subject matter jurisdiction of the Court in evaluating a 12(b)(1) motion. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350 (1969). The Seventh Circuit has strongly intimated that it would follow the Fed.R.Civ.P. 12(b)(6) route, *Seglin v. Esau*, 769 F.2d 1274, 1278 (7th Cir.1985), and that is how we approach the defendants' motion in this case.[3]

The difficulty in reviewing antitrust complaints in hospital staff exclusion cases comes from the notion that not every such dispute is significant enough to warrant the concern of federal antitrust laws. Thus, in assessing motions to dismiss for failure to state a claim, courts must balance the interests of the potentially injured plaintiff against those of the defendant which may be prematurely saddled with the elaborate and often expensive discovery typical in antitrust litigation. *Seglin*, 769 F.2d at 1283. Accordingly, courts often examine these complaints in light of the allegations of conduct having or which may have a substantial or adverse impact on interstate commerce.

This requirement is derived from the language of the Sherman Act. Section 1 of the Act prohibits "[e]very contract, combination ... or conspiracy, in restraint of trade or commerce *among the several States*," 15 U.S.C. § 1 (1982) (emphasis added), while Section 2 proscribes "mono-

poliz[ing] any part of the trade or commerce *among the several States*." 15 U.S.C. § 2 (1982) (emphasis added). Both sections display the congressional intent to reach unlawful anticompetitive behavior which has an adverse effect on interstate commerce; conduct which does not have or threaten to have that effect is simply not within the scope of the Sherman Act. It has long been recognized, however, that economic behavior which is entirely local in nature may nevertheless have an impact on interstate commerce significant enough to fall within the scope of federal antitrust law. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 743, 96 S.Ct. 1848, 1852, 48 L.Ed.2d 338 (1976).

■ The "effect on interstate commerce" requirement has thus been incorporated into the pleading standards in antitrust cases. To state a cause of action, the complaint must contain facts sufficient to support an inference that the defendants' allegedly unlawful activities, as a matter of practical economics, either have had or can reasonably be expected to have a not insubstantial effect on commerce. *Seglin*, 769 F.2d at 1280; *see also McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980); *Hospital Building Co.*, 425 U.S. at 745, 96 S.Ct. at 1852–53; *Doe v. St. Joseph's Hospital*, 788 F.2d 411, 417 (7th Cir.1986). The Seventh Circuit has taken this requirement to mean that the plaintiff in a hospital staff exclusion case must plead facts from which the court can infer the general extent to which commerce is being potentially restrained by defendants' conduct (*i.e.*, the suspension or denial of staff privileges). *Doe*, 788 F.2d at 417; *Seglin*, 769 F.2d at 1279–80.

In a section of his complaint labeled "Trade and Commerce," Rosenberg alleges that he receives more than fifty percent of his fees for services from out-of-state insurance carriers, and that he regularly uses interstate telephone and mail commu-

---

**3.** For a thoughtful discussion regarding the characterization of the interstate commerce element of a Sherman Act claim as "jurisdictional" or as part of the cause of action, *see* Comment, *Sherman Act "Jurisdiction" In Hospital Staff Exclusion Cases*, 132 U.Pa.L.Rev. 121, 126–29 (1983).

nications in the course of his business. He also contends that he "regularly" treats patients arriving from or returning to other states while their families are temporarily residing in Illinois on interim job assignments and that he "regularly" purchases equipment, drugs, supplies and services from out-of-state suppliers. Furthermore, he pleads that the delivery of medical, surgical and hospital services by defendants and by himself have a continuous and substantial effect on interstate commerce. He elaborates this point with the following statement.

(a) Numerous domicilaries from other states who come to Illinois on a temporary basis purchase the delivery of medical, surgical and hospital services from Plaintiff and Defendants; persons who are non-residents of Illinois come to Illinois from other states to purchase the delivery of medical, surgical and hospital services from Plaintiff and Defendants;

(b) The purchase of medical, surgical and hospital services by Plaintiff and Defendants effects [six] the financing or flow of materials, supplies, machinery and equipment from outside Illinois for use in the delivery of medical, surgical and hospital services in Illinois;

(c) The purchase of medical, surgical and hospital services in Illinois has caused various materials, supplies, machinery and equipment to flow between Illinois and other states;

Complaint, ¶ 40. With respect to Rosenberg's activities, these allegations are largely repetitive of what was already alleged in earlier portions of the complaint.

■ Even taking these allegations as true, as we must under Fed.R.Civ.P. 12(b)(6), we conclude that they lack the requisite specificity for us to assess whether the defendants' alleged behavior might have a substantial impact on interstate commerce.[4] When compared to the complaints in other recent hospital staff exclusion cases where motions to dismiss have

been filed, Rosenberg's does not measure up to the standards established by the Seventh Circuit. In *Doe v. St. Joseph's Hospital*, 788 F.2d 411 (7th Cir.1986), where a physician filed suit under the Sherman Act challenging the defendant hospital's summary suspension of her staff privileges, the court dismissed an antitrust claim where the plaintiff alleged generally that the defendants (1) purchased drugs, medical supplies and equipment which move in interstate commerce; (2) received payments for medical bills from out-of-state private and government insurance programs; (3) provided medical care to Ohio residents; and (4) had a practice which involved sharing information and medical training across state lines. *Doe*, 788 F.2d at 417. Similarly, in *Seglin v. Esau*, 769 F.2d 1274 (7th Cir.1985), a psychiatrist suspended from staff membership at a hospital sued under sections 1 and 2 of the Sherman Act, alleging that the defendants provided psychiatric services to patients who traveled from out of state, that they purchased equipment in interstate commerce and that they received insurance payments through interstate commerce. The Seventh Circuit rejected these allegations as insufficient to state a claim under the Sherman Act. *Seglin*, 769 F.2d at 1280.

In contrast, the court found the interstate commerce allegations in *Marrese v. Interqual, Inc.*, 748 F.2d 373 (7th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3501, 87 L.Ed.2d 632 (1985), to be sufficiently specific. In *Marrese*, another hospital staff exclusion case, the plaintiff provided extensive details regarding the percentage of patients from outside the state which the plaintiff treated at the defendant hospital, the percentage of the hospital's patients who were from outside the state, the approximate amount of annual revenues, fees and purchases received from out of state, the approximate amount of the hospital's regular billings from out-of-state patients and the approximate amount of mon-

---

**4.** Rosenberg attempts to cure the defects in his complaint by attaching exhibits to his memorandum in opposition to the defendants' motion which purport to establish in greater detail the extent to which out-of-state money affects the operation of Central DuPage. However, in ruling on the defendants' motion under Fed.R. Civ.P. 12(b)(6), we are confined to a review of the pleadings.

ey spent by the hospital to purchase medical supplies and equipment from outside the state. *Id.* at 378. Furthermore, the *Marrese* plaintiff's complaint alleged that the revocation of his staff privileges at the defendant's hospital would prevent him from practicing orthopedic medicine in the city where the hospital was located or anywhere else in the United States. *Id.* at 383.

Rosenberg's pleadings more closely resemble the complaints in *Doe* and *Seglin* than the extensive allegations in *Marrese.* Rosenberg alleges generally that he receives more than fifty percent of his fees from out-of-state insurance carriers, but does not provide any facts regarding the extent of those fees, so that fifty percent could be miniscule or it could be of a magnitude sufficient to indicate a potentially significant or adverse impact on interstate commerce. We cannot tell, or reasonably infer, from the facts in Rosenberg's complaint the significance of the commercial impact his exclusion from the Central DuPage staff might have. Furthermore, Rosenberg's other allegations contain no more detail than those of the plaintiffs in *Doe* and *Seglin.* Accordingly, pursuant to Fed.R.Civ.P. 12(b)(6), we dismiss his complaint for failure to state a claim under the Sherman Act.

In dismissing Rosenberg's complaint, we do not suggest that antitrust plaintiffs must *specifically* quantify revenue and expense information regarding the potential adverse effect of defendant's alleged unlawful conduct. *See generally McLain,* 444 U.S. at 243, 100 S.Ct. at 509. Rather, they must provide a sufficient factual basis so that the court may adequately evaluate the significance of any potential injurious impact on interstate commerce from the alleged activity. Thus, not every claim by an individual doctor who is denied staff membership at any local hospital will have a claim significant enough to warrant the attention and circumspection of the federal antitrust statutes. *Seglin,* 769 F.2d at 1280.

Because we decide the motion on the interstate commerce grounds, we need not address the exhaustion of administrative remedies or state action exemption arguments. For the reasons stated in the above opinion, we allow the defendants' motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). It is so ordered.