John CROSETTO, et al., Plaintiffs,

v.

Chief Justice Nathan S. HEFFERNAN,
et al., Defendants.

No. 88 C 433 C.

United States District Court,
N.D. Illinois, W.D.

Nov. 16, 1990.

Amedeo Greco, Madison, Wis., for plaintiffs.

John S. Skilton, Foley & Lardner, Stephen Kleinmaier, Madison, Wis., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is Defendant Wisconsin Supreme Court Justices' motion to dismiss. For the reasons set forth herein, the court grants Defendants' motion to dismiss.

## BACKGROUND

Plaintiffs brought this action against the State Bar of Wisconsin and its executive director and the seven Justices of the Wisconsin Supreme Court. In their third amended complaint, Plaintiffs claim that their First Amendment rights of freedom of speech and association have been violated by the State of Wisconsin's requirement that all practicing attorneys in Wisconsin belong to the State Bar of Wisconsin. Plaintiffs also claim that their First Amendment rights have been violated by the use of Wisconsin State Bar membership dues to finance "legislative and other activities". Plaintiffs seek declaratory relief, compensatory relief and punitive damages pursuant to 42 U.S.C. § 1983. Plaintiffs further seek modifications of Wisconsin's mechanism for the refund of those portions of Wisconsin State Bar dues that support legislative activities.

Defendant Wisconsin Supreme Court Justices (hereinafter "Defendants"[1]) have brought a motion to dismiss that portion of Plaintiffs' third amended complaint in which Plaintiffs allege a cause of action against these Defendants. Defendants argue two main points in support of their

---

1. The court recognizes that there are two groups of Defendants in this case, the seven Wisconsin Supreme Court Justices and the Wisconsin State Bar Association. However, for the sake of brevity, the court will use the term "Defendants" in this opinion to refer only to Defendant Wisconsin Supreme Court Justices.

motion to dismiss. First, Defendants state that they are absolutely immune from suit for having promulgated the challenged rules in this case. Second, Defendants assert that, even though they are not absolutely immune from suits for declaratory and injunctive relief when acting in their adjudicative and/or enforcement capacities, the present action against them must still be dismissed. Defendants contend this is so because there is no case or controversy between Plaintiffs and the Wisconsin Supreme Court Justices and because the third amended complaint fails to state a claim upon which relief can be granted.

### DISCUSSION

In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiffs could prove consistent with the pleadings that would entitle them to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987); *Vaden v. Village of Maywood,* 809 F.2d 361, 363 (7th Cir.), *cert. denied,* 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden,* 809 F.2d at 363; *Doe v. St. Joseph's Hosp. of Fort Wayne,* 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

█ The court agrees with Defendants' first contention that they are absolutely immune from suit in their legislative capacities. Plaintiffs, likewise, agree with this assertion. The promulgation of court rules is analogous to a legislator's action in enacting statutes. Accordingly, Defendants are immune from suit when acting in their legislative capacity. *See, Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). In other words, Defendants are absolutely immune from suit for having promulgated the mandatory bar membership rules and the dues reduction rules. The court must, therefore, turn its attention to the capacities in which Plaintiffs have brought suit against Defendants, that is, their adjudicatory and enforcement capacities.

In *Consumers Union,* 446 U.S. at 736, 100 S.Ct. at 1977, the United States Supreme Court held that State Supreme Court Justices are not absolutely immune from suit, other than damage suits, when sued as the enforcers of court rules. Furthermore, in *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984), the United States Supreme Court held that judges are not immune from prospective injunctive relief against them in their judicial or adjudicative capacities. Nevertheless, this court finds that while Defendants have the authority to adjudicate violations of the mandatory bar membership rules and have the inherent power to discipline attorneys for violating these rules, neither authority serves as a basis for continuing this action against Defendants.

In *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), the United States Supreme Court reiterated the basic rule that when there is no case or controversy between a plaintiff and a judge, article III of the United States Constitution is a bar to suits against judges even for declaratory and injunctive relief. Specifically, the Court stated in *Littleton:*

> [T]hose who seek to invoke the power of federal courts must allege an actual case or controversy ... Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction'.... It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged ... official conduct ... The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or

'hypothetical'.... Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse affects.

*Id.* at 493–96, 94 S.Ct. at 675–76.

Furthermore, in a case very similar to the present cause of action, the Justices of the Puerto Rico Supreme Court were sued over the integrated bar in that commonwealth. In *In re Justices of Supreme Court of Puerto Rico,* 695 F.2d 17 (1st Cir.1982), the First Circuit Court of Appeals held that there existed no case or controversy between the plaintiff and the Justices to the extent that the Justices simply adjudicated disciplinary proceedings involving the integrated bar requirement. The United States Supreme Court cited *In re Justices* with approval in *Pulliam v. Allen,* 466 U.S. 522, 538 n. 18, 104 S.Ct. 1970, 1979 n. 18, 80 L.Ed.2d 565.[2] As such, the fact that Defendants adjudicate disputes regarding their disciplinary rules does not establish a case or controversy under article III of the Constitution. To state a case or controversy, Plaintiff must allege some threatened or actual injury resulting from the allegedly illegal action and Plaintiffs must allege that they have sustained or are immediately in danger of sustaining some direct injury. *O'Shea v. Littleton,* 414 U.S. 488, 493–96, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974). Plaintiffs have not alleged that there are any pending or threatened disciplinary actions against any Wisconsin attorney for failing to join the Wisconsin State Bar.

In addition, because Plaintiffs seek only declaratory relief against Defendants, it is not necessary for Defendants to be included in this action. Ordinarily it is "presumed that judges will comply with a declaration of a statute's unconstitutionality without further compulsion." *In re Justices of Supreme Court of Puerto Rico,* 695 F.2d 17, 23 (1st Cir.1982). In light of Defendants' past conduct,[3] the court finds that Defendants have already demonstrated that they will comply with any declaration that may be made in this case.

Finally, the court notes that as a matter of comity, it is unwise to encourage or force judges to participate as defendants in a federal suit attacking State law. Such action requires judges to abandon their neutrality and tends to undermine their role as judges. This type of harm is tolerated only if it is necessary to afford relief to another party. *In re Justices,* 695 F.2d at 25. The court finds no such necessity in this case. Plaintiffs seek only declaratory relief against these Defendants and Plaintiffs can obtain declaratory relief against the remaining parties. Then, as stated above, it is presumed that Defendants would honor that declaration even though they are not parties to the action.

## CONCLUSION

For the reasons set forth herein, Defendant Supreme Court Justices' motion to dismiss is granted. The cause is hereby dismissed against Defendant Supreme Court Justices.

**2.** In *Pulliam v. Allen,* the United States Supreme Court stated:

Article III also imposes limitations on the availability of injunctive relief against a judge. See *In re Justices of Supreme Court of Puerto Rico,* 695 F.2d 17, 21 (CA1 1982) (no case or controversy between a judge who adjudicated claims under statute and a litigant who attacks the constitutionality of the statute).

**3.** In February of 1988, District Court Judge Barbara Crabb found, in a related case, that the mandatory bar rule was unconstitutional. On May 26, 1988, the Wisconsin Supreme Court ordered that Wisconsin Supreme Court Rules 10.01(1) and 10.03(4), which require membership in the Wisconsin State Bar as a condition precedent to the right to practice law in Wisconsin and which prohibit the practice of law by anyone other than an enrolled active member of the State Bar, would not be enforced. The Court of Appeals subsequently reversed the district court's judgment. Nevertheless, the Wisconsin State Bar remains voluntary.